Fry agt. Bennett.

## SUPERIOR COURT.

### FRY, Respondent agt. BENNETT, Appellant.

On *appeals* from a single judge to the general term, the Code (§ 332) requires the appeal to "be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing."

Therefore, *held*, that unless after the order is made or judgment rendered and entered, or filed and constructively entered, so as to become a part of the record or minutes of the court, the party has some *written notification thereof by act of the prevailing party or his attorney*, his time to appeal continues without limitation.

The party may acquire knowledge of the order, he may examine it on the files of the court, or on its records, or procure a copy of it from the clerk, and for many purposes, this and any actual knowledge of the order or judgment will be notice, but as a *limitation of the time to appeal*, knowledge so acquired will be wholly inoperative.

*General Term, Saturday June 19th,* 1858.

*Before* BOSWORTH, HOFFMAN, SLOSSON, WOODRUFF *and* PIERREPONT, *Justices.*

MOTION to dismiss appeal from order denying motion for a new trial.

A motion for a new trial was made in this action before one of the justices at special term, and without argument, he decided to deny the motion. On the 13th day of April, 1857, the counsel for the parties appeared before the judge, for the purpose of settling the order. A draft of the order was prepared and submitted by the defendant's counsel, and it was approved. The plaintiff's counsel made a copy thereof, and the judge indorsed upon the draft a direction to the clerk to enter the order and signed that direction. The counsel for the plaintiff took upon the copy made by himself, the clerk's certificate that it was a copy, and the counsel respectively left. The defendant's counsel taking the draft, and the plaintiff's counsel taking the copy. Afterwards, having made a transcript of the copy so certified, the counsel for the plaintiff obtained from the judge a direction thereon to the clerk to enter the order.

To this stage in the proceedings no order had been filed or entered with the clerk, but the next day, April 14th, the plaintiff's attorney filed the transcript made as above stated, with the clerk, and in pursuance of the directions thereon indorsed, he entered it in the minutes. The plaintiff's attorney then entered up his judgment, and gave notice that judgment was entered. The defendant appealed from the judgment, and on printing his case for use on the appeal, he printed the judgment, which recited in terms the order denying the motion for a new trial. The appeal from the judgment was brought to argument in December, 1857. The question afterwards arose, before any decision of that appeal, whether an appeal had been taken from the order denying a new trial?

After a motion had been made by the defendant to amend his notice of appeal from the judgment, he on the 25th of May, 1858, served a formal notice of appeal from the order of the 13th of April, 1857, denying the motion for a new trial, insisting that written notice of that order had not been given to him, and, therefore, that the time within which an appeal must by the provisions of section 332 of the Code of Procedure, be taken, had not expired, nor indeed ever began to run. The plaintiff thereupon moves to dismiss the appeal so taken, on the ground that the time for appealing has long since expired; that the circumstances above detailed amount to the giving of written notice, and that no actual *service by him* of any copy of the order or written notice thereof was necessary.

F. R. SHERMAN, *for the respondent, in support of the motion.*
D. D. FIELD, *for the appellant, contra.*

By the court—WOODRUFF, Justice. That provision of the Code of Procedure, which limits the time within which an appeal must be taken, is wisely enacted in order that litigation may be terminated. That as other statutes prescribe the time within which causes of action must be prosecuted, and still others provide compulsory means by which the progress of the controversy may by either party be hastened to judgment, so

that by means of this limitation further litigation by appeal from court to court, may be finally terminated. And in providing this last means of determining the matter finally, and as the case may be, debarring the unsuccessful litigant of any review or reconsideration of the matters which have once been adjudged against him, the framers of the law have, we think, had a two-fold purpose before their minds. *First*, to make the condition of the limitation so plain that there should be no danger of misconstruction or misapprehension. And, *second*, to place it in the power of the prevailing party to set the time a running within which an appeal shall be taken, whenever he may choose. By this means each party is placed in a situation to know distinctly and clearly what is the actual state of the controversy in this respect. The losing party will not be taken at unawares and be deprived of a right of review, and the prevailing party will know precisely when the right of review is waived or lost.

It is with this two-fold purpose, we think, that it is provided by section 332 of the Code of Procedure, that the appeal from the special to the general term, "must be taken within thirty days after *written notice* of the judgment or order *shall have been given* to the party appealing." Upon this we observe that in order that the thirty days shall begin to run, that it is not enough that the party have notice of the order. That was conceded on the argument of the present motion. No oral communication, therefore, is sufficient. No presence in court and hearing the decision announced on the order or judgment declared by the court is sufficient. He must have *written* notice. Again ; we deem it equally clear, that the written notice which is to avail to limit the time, must be such as to apprise him fully of the whole substance, if not the very details of the order or judgment given or made against him. Without this, he is not in a situation to determine whether he will appeal or not. He can, without such notice, make no election. Further, the notice he receives must come to him from an authentic source, else he is in no manner bound to rely upon it or take any action founded thereon. The attorney for the adverse party is the per-

son to whom he is to look for all notices in the progress of the cause, and he is not bound to receive or regard any others, unless it be such as contemplate the displacement of such attorney or the employment of a new attorney. The notice is to be *given to him*, which in our judgment plainly means that it shall be served upon him.

All this is simple, easily understood; it enables the party to see and apprehend his precise condition in reference to the subject. And on the other hand, it leaves the prevailing party at full liberty to set the thirty days a running when he pleases, or to acquiesce in or allow an unlimited time within which to appeal, if he choose to do so. We think that the term *notice* in this statute, has a meaning in some degree technical. That in its connection it imports something written and *given* to the party for the very purpose of apprising him of the judgment or order. And that it was intended to mean this in order to prevent the uncertainty and conflict which would result from allowing the limitation to depend on the question whether the party had ever *seen* the *order* or *judgment*, or a copy thereof, or upon any similar questions.

It is unnecessary for us to say, and we do not intend here to say, whether if the party prevailing, issue execution and that execution be exhibited to the other party by the sheriff, and is levied, that that would or would not be a sufficient notice. Nor whether if the party prevailing, actually serve upon the other a copy of the order or judgment, duly certified by the clerk of the court without further authentication, that would or would not be a sufficient notice.

But we do intend to hold, that unless after the order is made or judgment rendered and entered, or filed and constructively entered, so as to become a part of the record or minutes of the court, he has some written notification thereof, by act of the prevailing party or his attorney, his time to appeal continues without limitation. He may acquire knowledge of the order, he may examine it on the files of the court, or on its records, or procure a copy of it from the clerk. For many purposes, this and any actual knowledge of the order or judg-

Fry agt. Bennett.

ment will be notice, but as a limitation of the time to appeal, knowledge so acquired will be wholly inoperative.

There is nothing novel in this view of the subject. By the provisions of the Revised Statutes relating to appeals to and from the court of chancery, different rules were made in relation to different appeals, some must be taken within a certain time after the decree was entered in the minutes of the court; e. g. appeal from vice-chancellor to chancellor, for a final decree. (2 *Rev. Stat.* 178, § 98.) Another from the time the decree shall have been *recorded ;* e. g. from a decree of surrogate on final settlement of accounts. (2 *Rev. Stat.* 610, § 105.) Others from the time the order, sentence or decree shall have been made; e. g. appeals from surrogates not specially provided for. (2 *Rev. Stat.* 610, § 107.) Appeals from final decrees of the court of chancery to courts of error, from the time of the enrolment. (2 *Rev. Stat.* 605, § 78.) From an interlocutory order of a vice-chancellor, within fifteen days after notice of such order. (2 *Rev. Stat.* 178, § 98.) And what is expressly applicable to the point under consideration, all appeals from any other order or decree of the court of chancery, (except final decrees,) to the court of errors, must be made " within fifteen days after notice thereof shall *have been given* to the party against whom such order or decree shall be made, or to his solicitor." (2 *Rev. Stat.* 605, § 79.) The construction of this language came under consideration in the court for the correction of errors, in *Jenkins* agt. *Wild*, (14 *Wend.* 545,) and we have done little more than borrow the language of Chief Justice SAVAGE, in giving the opinion in that case. " It is notice *to be given*," &c. " This implies a *positive act* of the party in whose favor the decree is made." * * " It is clear to my mind, that the legislature intended a *regular formal written notice*," &c. (*See also* 2 *Hoff. Chy. Pract.* 20 ; *Tyler* agt. *Simmons*, 6 *Paige R.* 132 ; *The People* agt. *Backus*, 9 *id.* 607.)

The application of these views to the motion before us, is obvious. The motion to dismiss the appeal must be denied.