Order accordingly.

## LEAVY *a.* ROBERTS.

*New York Common Pleas; Special Term, December*, 1858.

*Again, Special Term, May*, 1859.

NEW TRIAL.—CUMULATIVE EVIDENCE.—CASE ON APPEAL.

It is only when a party was wholly free from negligence in preparing for the
trial, that he is entitled to a new trial on the ground of newly discovered
evidence.

If newly discovered evidence relates to any fact proved or controverted, whether
bearing upon the issue directly or collaterally, it is cumulative, and not ground
of new trial.

The rules governing motions for new trials on ground of newly discovered evi-
dence should be strictly applied where the parties have been examined as
witnesses on the trial.

Where an issue of fact is had by the court without a jury, and a decision ren-
dered thereupon, notice of the decision, given by the prevailing party before
the actual entry of judgment by the clerk, is not notice of judgment such as is
necessary to limit the losing party's time to appeal.

The preparation and use of a case, on motion for a new trial on ground of newly
discovered evidence, does not preclude the party from submitting a new and
different case on appeal from a judgment subsequently entered, after denial of
his motion.

I. *December*, 1858.—Motion for new trial.

The object of the action was to recover from the defendant
the value of certain mantels furnished and put up by the plain-

tiff in houses owned by one Cronk. The defence was, that the mantels were not furnished for the defendant at his request, but were furnished and put up for and at request of Cronk. On the trial the plaintiff prevailed. On ground of newly discovered evidence, the defendant now moved for a new trial. The contents of his affidavit are sufficiently stated in the opinion.

*Cummins, Alexander & Green,* for the motion.

*John Graham,* opposed.

BRADY, J.—The motion for a new trial on the ground of newly discovered evidence must be denied, for two reasons, viz. :

The evidence is cumulative, and the defendant has been guilty of a want of diligence.

The question presented and controverted on the trial was, whether the defendant was indebted to the plaintiff as charged in the complaint, upon a contract made between him and the plaintiff. The defendant, who was examined on his own behalf, after the examination of the plaintiff, denied that he had contracted as charged. The plaintiff then offered rebutting testimony, which being corroborative of the plaintiff's statement, was deemed controlling by the presiding judge. The defendant, in one of his affidavits used on this motion, states that he was not aware of the nature of the rebutting testimony at the *time of the trial,* not having taken *any pains* to inform himself—not imagining the possibility of such erroneous testimony on the part of the plaintiff and the witness Cronk; and, upon the allegation of a discovery of evidence bearing upon the question involved, asks a new trial. One of the witnesses, whose evidence is said to have been discovered, is the son of the defendant. Another witness, J. M. Grenell, was in court during the trial, attending there in behalf of the plaintiff; and the third, Buckbee, reveals certain acts and declarations by the plaintiff inconsistent with the claim made against the defendant. It also appears that Grenell was known to the parties in connection with the work and labor done by the plaintiff, and that the evidence of the defendant's son relates to an interview between the plaintiff and defendant, in which the plaintiff committed acts and made declarations inconsistent with the claim

made against the defendant. It would seem, in reference to Grenell and the defendant's son, that the defendant was guilty of negligence in not procuring their testimony, or in not making any efforts to ascertain what either of them knew of the controversy, and the truth of defendant's statement; that he had not taken "any pains" to inform himself, is shown without the admission which he makes. That he was not diligent in preparing his defence, is very clear; and this alone excludes him from any consideration on a motion of this kind. It would be establishing a grievous precedent, and one of great public inconvenience, to interpose in any other case than one of indispensable necessity, and wholly free from negligence. (Per Chancellor Kent, Floyd *a.* Jayne, 6 *Johns. Ch. R.*, 482.) There is, however, still another reason why the motion should not be granted, as before suggested. The testimony discovered is cumulative. It is said by MARCY, J., in Guyot *a.* Butts (4 *Wend.*, 579), that the kind and character of the facts make the distinction between what is cumulative evidence and what is not; and that the facts may tend to prove the same proposition, and yet be so dissimilar in kind as to afford no pretence for saying they are cumulative.

It does not appear distinctly by any adjudication in this State, what is meant by cumulative evidence in its bearing upon motions of this kind; and it is difficult, perhaps, to determine what is cumulative, and what is not, by any general definition. A series of facts may be established, all tending to prove a claim or defence; and yet a fact not proved, having the same effect, may be discovered after the trial: the evidence in the latter case may be said to be cumulative, so far as it relates to the main fact or facts in issue, but it clearly is not as to the subject it embraces. It is evidence of a fact not proved, and therefore not controverted. And this, I think, is what Judge Marcy suggests in the quotation above. If the evidence be cumulative because it relates to the issue, or one of the issues about which any proof has been given, then a new trial upon newly discovered evidence would be an impossibility; but if the rule be, that newly discovered evidence of some material fact relevant to the issue, and which was not proved or controverted on the trial, is not cumulative, then there may be many cases in which a new trial would be matter of justice. This I un-

derstand to be the guide in questions of this kind. If, therefore, new evidence relates to any fact proved, whether bearing upon the issue directly or collaterally, it is cumulative; and such I understand to be the character of the new evidence disclosed on this motion. The plaintiff, by his statement on the trial, was shown to have committed acts and made declarations inconsistent with the alleged contract between himself and the defendant, and which, if unexplained or uncontroverted, would perhaps be sufficient to prevent its recovery. The evidence discovered is of the same complexion. It affects the validity of the plaintiff's claim, so far as it proves conduct at variance with the claim set up here, and nothing more. (See the case of The People *a*. The Superior Court, 10 *Wend.*, 286.) There are cases in which a contrary rule has been applied; but they were exceptions to the general maxim, and distinguished by very peculiar circumstances, calling for the exercise of a very liberal discretion. This is not one of those cases. There are, it is true, conflicting elements here, and perhaps the statements of the parties are irreconcilable; but these features are common to the great majority of cases, and more particularly since the law of the land has given to the parties the right to be examined on their own behalf. In cases where they are examined, the rules which govern motions for a new trial, on the ground of newly discovered evidence, should be applied strictly, in my opinion.

Motion denied, with $10 costs.

On appeal to the general term this decision was affirmed, February, 1859.

II. *May*, 1859.—Settlement of case.

On making the motion for a new trial above stated, the defendant, before judgment was perfected, had obtained and served an order staying plaintiff's proceedings pending the motion. His motion for a new trial was made on affidavits, and a case prepared for the motion.

The motion having been finally denied, the plaintiff proceeded to perfect his judgment, and thereupon the defendant appealed from the judgment, and served a *new* case. The plaintiff served amendments proposing to strike out this second

case, and substitute the case which had been served as the basis of the motion for a new trial.

The defendant now noticed the case for settlement, and asking that the proposed amendments be disallowed.

*John Graham*, in support of the proposed amendment, urged that the new case contained numerous departures from the former one, and that inasmuch as judgment was ordered in December, 1857, and as notice in writing of the decision, with a copy of the same, had then been served on the defendant, he was bound to have served his exceptions within ten days of that time.

*Cummins, Alexander & Green*, opposed.—I. The practice is not changed since the Code, as to making case on which to move for new trial on ground of surprise, &c. (Jones *a*. Edgerton, *MS.*, *N. Y. Superior Court, July* 17, 1858; Bosworth, J.; *Code*, § 469.)

II. Before the Code it was necessary that the case should show what transpired on the trial. (7 *Wend.*, 331.)

III. Under the present rules the case *on appeal* must contain more than this. (See *Rules*, No. 43, 1858 ; *Ib.*, No. 29, 1856.)

IV. Before the Code and present practice, all the case need contain was what transpired on the trial. Every thing else was in the record.

V. The only alterations made from the case used on the motion, are 1. The insertion of the cross-examination of the plaintiff; and 2. The insertion of such matters as are required by the rules of court, but which were not necessary on the motion, or had not then occurred. The case there used did not contain the motion to dismiss the complaint, and the exception which was taken. This was not deemed necessary for the purposes of the motion, but is necessary for the appeal.

BRADY, J.—The appeal provided for by section 348 of the Code, is from the judgment *entered* on the direction of a single judge, and upon such an appeal security must be given, if a stay is desired. The decision of the single judge is not the entry of the judgment; that proceeding must be done by the clerk. (Schenectady and Saratoga Plank Road Company *a*. Thatcher, 6 *How. Pr. R.*, 226.)

Until the judgment is entered, the amount of security cannot be known, and until the decision is rendered, the costs cannot be adjusted; where the action is for the recovery of money, and a stay is desired, security must be given on the appeal for the judgment entered, which includes the costs. There must be an entry in the judgment-book which shall specify the relief granted, or other determination of the action. (*Code*, § 280.) It is notice of this judgment so entered which is contemplated by section 268 of the Code, providing for the making of a case within ten days thereafter. (Watson *a.* Scriven *et al.*, 7 *How. Pr. R.*, 9; Johnson *a.* Whitlock, 3 *Kern.*, 346; Hunt *a.* Bloomer, *Ib.*, 34.)

In this case there was no notice served of the entry of judgment until the 16th day of February, 1859, and the defendant's case was served within ten days thereafter. The plaintiff's proceedings being stayed on the motion for a new trial, on the ground of newly discovered evidence, he could not and did not perfect his judgment until that time. For these reasons, I think the appeal from the judgment well taken, and the new case properly served. It is said that the defendants having already submitted a case, and that case having been settled, they are concluded by it, and cannot ask that another case should be settled.

The difficulty of sustaining this view arises from the necessity of preparing a case, showing what transpired on the trial, when a motion is to be made for a new trial on the ground of newly discovered evidence. (Anonymous, 7 *Wend.*, 331.)

It is not necessary in such a case to file the exceptions contemplated by section 268 of the Code; and when the motion is made before judgment is entered, there would exist no right to file such exceptions. When the motion is made *before judgment*, and a stay is ordered, a case is necessary for the purposes of the motion, and I see no way of avoiding the necessity of preparing a case *after judgment entered*, in order to conform to the Code, to the rules of the courts, and to the decisions of the Court of Appeals, if an appeal be taken from the judgment, and a review is desired on the law and the facts.

The defendant is entitled to the relief asked. Order to be settled on two days' notice by either party.