WHITLOCK *a*. JOSEPH.

*New York Common Pleas ; General Term, January,* 1861.

APPEAL IN MARINE COURT.—TIME TO MAKE CASE.

On appeal from the special to the general term of the Marine Court of the city of New York, the appellant has, in all cases, ten days after *written notice* of the entry of judgment to prepare a case or exceptions. The fact that he actually knew of the entry of judgment is immaterial.

Hence, if no written notice of the judgment is served, the appellant's time to serve his case is not limited.

On appeal from the Marine Court of the city of New York, the New York Common Pleas, on reversing the judgment, remitted the case to the Marine Court for argument.

Appeal from a judgment of the Marine Court.

This action, brought by Benjamin M. Whitlock against Aaron Joseph, in the Marine Court of the city of New York, was tried before a jury in June, 1859, and a verdict rendered for the defendant. The facts are fully stated in the opinion.

*J. M. Todd,* for the appellant.

*C. P. Schemerhorn,* for the respondent.

Whitlock *a.* Joseph.

By the Court.*—Hilton, J.—From the affidavits and papers before us on this appeal, it appears that this action was tried before a justice of the Marine Court and a jury, on June 13, 1859, and a verdict rendered for the defendant. From the judgment entered upon this verdict, the plaintiff appealed to the general term of the court. On the cause being called for argument, the defendant moved to dismiss the appeal and affirm the judgment, upon the alleged ground that the plaintiff had not prepared and served his case within ten days after the trial, in accordance with the rules of the court. The extract from the minutes returned to us under the certificate of the clerk, shows that at a general term of the court, held May 31, 1860, the judgment was affirmed, with costs to the defendant. The proceedings at the trial were not examined or reviewed on this affirmance, nor are they returned to us. In lieu of them, however, we have a certificate, made by direction of the court, to the effect, that at the general term the plaintiff presented a printed case, and asked permission to use it on the argument; whereas, the motion of the respondents (the defendants) was to affirm the judgment and dismiss the appeal, which motion was finally granted. The first impression produced by this certificate is—How could a motion of this double character be granted? Certainly, a judgment cannot be affirmed upon an appeal, and the appeal at the same moment be dismissed. But such seems to have been the case here.

However, I suppose we must regard this judgment as one of affirmance, given upon a failure of the plaintiff to present on the argument any ground for reversal of the judgment he appealed from, and then inquire whether it was within the power of the Marine Court to deprive him of the right of being heard at the general term, because he had omitted to prepare and serve a case in accordance with the rules of the Supreme Court, which the Marine Court considered applicable to appeals of this character.

The jurisdiction of the Marine Court to entertain appeals was confirmed by the fifth section of the act in relation to that court, passed July 31, 1853, and which is as follows:

"Any one of the justices of said court shall have the power

* Present, Daly, F. J., Brady and Hilton, JJ.

to open defaults, on such terms as may be just and proper, in all actions tried before him; and an appeal may be taken upon the same from a judgment entered by a direction of a single justice of the said court to the justices thereof, at a general term, in the same manner and with like effect as appeals in the Supreme Court from the decision of a single judge to the general term, and the same costs and disbursement allowed as on appeals from justices' courts to the Common Pleas. The justices of said court may appoint general terms of said court at such time as they deem proper."

Thus, in effect, it is declared that all judgments entered upon a trial before a justice, and all proceedings upon the trial, shall be subject to review upon appeal to the general term, in the same manner as in like cases in the Supreme Court; the appeal to be taken, and when taken to be heard and determined in the same manner and with like effect as in cases of appeals to the general term of the Supreme Court, from a judgment entered upon a trial before a justice in that court without a jury. So that to enable us to determine whether the plaintiff was in this case entitled to be heard on his appeal, it is but necessary to inquire whether he conformed in all respects to the practice in like cases in the Supreme Court, which the act of 1853 (*supra*) has extended over, and made applicable to appeals to the general term of the Marine Court. By the Code (§ 327), an appeal in the Supreme Court must be made by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment is entered, stating an appeal from the same, or from some specified part thereof, and this notice must be served within thirty days after written notice of the judgment shall have been given to the party appealing (§§ 332, 348). For the purposes of such an appeal, either party may except to a decision on a matter of law arising upon a trial of a question of fact by the court without a jury, within ten days after notice in writing of the judgment, in the same manner and with the same effect as upon a trial by jury. And either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law, may at any time within ten days after written notice of the judgment, or within such time as may be prescribed by the rules of the court, make a case or exceptions, in like manner as upon a trial by jury, and on

which the appeal will be heard by the general term (§ 268). These are all the provisions of the Code applicable to the present inquiry; but Rule 34 of the Supreme Court declares, that whenever it shall be intended to review by appeal a trial by jury or by the court, a case or exceptions, or case containing exceptions, shall be prepared by the party intending to review the trial, and a copy thereof served on the opposite party within ten days after the trial, if by jury, or after a written notice of the filing of the decision, if the trial be by the court, and the party served may within ten days thereafter propose amendments thereto, which shall be served, and subsequently, upon notice, settled by the justice before whom the cause was tried. But by Rule 35, if the party shall omit to prepare and serve a case within the time limited, he will be deemed to have waived his right thereto; and when a case is made, and the parties shall omit, within the time prescribed, the one to propose amendment and the other to notice the case for settlement, they shall respectively be deemed, the former to have agreed to the case as proposed, and the latter to the amendments as proposed.

Thus it will be seen, that in cases of trial by jury, where a review on appeal is desired, the case or exceptions must be served within ten days after trial; but on a trial by the court without a jury, the case or exceptions must be served within ten days after written notice of the filing of the decision of the judge before whom the trial is had : and the latter practice is alone applicable to appeals in the Marine Court, the language of the act of 1853 being, that they shall be taken "in the same manner and with like effect as appeals in the Supreme Court from the decision of a single judge to the general term;" the object of this provision being, as it would seem, to establish a uniform course of proceeding in all cases of appeal in the Marine Court; so that, whether the trial has been had before a justice and a jury, or before a justice alone, the ten days within which the party appealing must prepare and serve his case or exceptions do not begin to run until he has been served with a written notice of the judgment entered by the direction of the justice, and it is immaterial whether the party has or has not actual knowledge of the judgment, as his time to appeal and his time to propose a case or exceptions do not begin to

run until written notice of the entry of the judgment has been actually served upon him. (Fry *a.* Bennett, 16 *How. Pr.*, 402 ; Staring *a.* Jones, 13 *Ib.*, 423 ; Bentley *a.* Jones, 4 *Ib.*, 335 ; Rankin *a.* Pine, 4 *Abbotts' Pr.*, 309.)

Tested then by these views, was the Marine Court right in refusing to permit the plaintiff to use upon appeal the case proposed by him ?

On reference to the affidavits which were read at the general term, on the defendant's motion to dismiss the appeal, it appears that the case proposed had been served upon the defendant's attorney on August 15, 1859, and that no amendments have ever been offered thereto ; and it does not appear that the plaintiff or his attorney have ever been served with a written notice of the judgment from which the appeal was taken.' Therefore, the time to make the case not having been limited, it follows that its service was regular, and the defendant, by not serving any amendments thereto, must be deemed to have waived his right to do so, and to have agreed to the case as proposed. Consequently, the plaintiff upon the appeal was entitled to have the proceedings at the trial reviewed on the case so agreed on, and the Marine Court erred in deciding otherwise.

The judgment of affirmance must for this reason be reversed, and the cause sent back for argument.

---

## CRONNSE *a.* FITCH.

*Supreme Court, Third District; General Term, March,* 1862.

EVIDENCE.—RES GESTA.—OPINION OF WITNESS.—PURCHASE OF NOTE.—PROOF OF VALUE.

In an action against the indorser of a promissory note, where the defence was, that the circumstances under which the plaintiffs obtained the note amounted to a payment of it by them, for the benefit of the maker, proof that the maker had previously declared that he would borrow money from the plaintiffs to pay the note,—*Held*, inadmissible.