Gilbert, J.
The plaintiff has brought this suit to prevent the execution of an act of the legislature providing for the repavement of Union-street. She alleges ' that she is the owner of a lot on the southerly side of said street one hundred feet west of Smith-street; that the defendants, who are named in said act as commissioners for the purpose of carrying into effect the provisions thereof, have made a contract with the Nicolson Pavement Company for the laying down of said pavement; that the said work has been begun by tearing up the carriage way of said street, at or near Court-street, thereby rendering said street unsafe for travel; that the defendants threaten to lay down said pavement on said street at all hazards; that she is advised "and believes the said act of the legislature is unconstitutional and void ; that she will be put to great trouble and expense if the defendants shall not be restrained from doing said work; and she prays for an injunction accordingly.
It struck me upon argument that the plaintiff had not shown such an interest in the controversy as would entitle her to maintain this suit. The complaint contained no averment of any invasion or attempted invasion of the plaintiff’s property, nor does it even show that she may be subjected to the payment of a tax or assessment to defray the expenses of such a work. On the contrary, the expense of such work is, by the express provisions of said act, required to be levied and collected upon property within a district of assessment which is to be hereafter prescribed by the "common council of the city of Brooklyn. I am unable to see any ground upon which the plaintiff can maintain this suit. But this point was not raised on the argument, and I will not further advert to it than to refer to what I consider a sound principle on this subject, as laid down by the court of appeals in the case of Doolittle r. Supervisors of Broome County (18 N. Y., 155).
*312 A temporary injunction having been granted, a motion was made to dissolve the same, and upon the argument of that motion, the plaintiff sought to show by affidavits that the said commissioners erred in adopting the said Nicolson pavement; that it was inferior to the other pavements ; that the contract price to be paid therefor was excessive and exorbitant; that a majority of property owners on the line of the said street were opposed to said pavement, and that the passage of the act authorizing said work was procured by fraudulent and corrupt means. The act provides that said street shall be paved with stone blocks known as Belgian pavement, or with other improved pavement, at the option of the commissioners.” The court could, undoubtedly, afford a remedy for any abuse of the trust thus reposed in the commissioners, and preliminarily restrain the commission of it; but upon a careful examination of the evidence on both sides, I can find no warrant for interposition upon that ground. With regard to the comparative merits of the respective pavements, the selection by the commission of the Nicolson pavement, the motives or inducements which actuated the legislature in.enacting the law, and the inexpediency of that kind of legislation in general, or of the particular act under consideration, it is sufficient to say that the court has nothing to do with such questions, and has no power to afford relief against the consequences, if the y exist, of unwise or corrupt legislation. The only remedy for injustice or oppression of that kind is to turn the authors of it out of office, and to put better men in their places.
The act provides that the expenses of the work shall be levied and collected in the same manner as is now provided by law with reference to grading'and paving streets in Brooklyn. Such provision of law is contained in the charter of the city of Brooklyn, and requires the common council of said city to fix the districts of assessment, and to advertise for remonstrances against the same, before ordering the paving of a street. The plaintiff’s counsel contend that the commissioners cannot proceed with the work until the common council shall have fixed the dis *313 tricts of assessment. The act under which they are acting is mandatory, and requires the street to be paved, without reference to any action of the common council. The provision of'the charter referred to is a restriction merely upon the powers of the common council to order an improvement, and has no relation to the manner of raising money to defray the expense thereof after it shall have been ordered. The act in question supersedes, by its own provision, all action of the common council before ordering work to be done, and adopts merely the proceedings prescribed by the charter for the levying and collecting of the assessment for work after the same shall have been duly ordered by the common council.
The remaining and important questions are: 1. Whether the act is valid ; 2. Whether the contract made is such as the commissioners were authorized to make.
The plaintiff contends that the act is invalid because it is in conflict with that provision of the constitution which requires that a private or local bill shall embrace only one subject, and that that shall be expressed in the title. I think it very clear that the act in question embraces only one subject, and that that is sufficiently expressed. If the title had been An act in relation to certain streets of Brooklyn,” it would not probably have been urged that it infringed the constitutional requirement on this subject. I think it is not a reasonable objection that the title is unnecessarily particular. Nor does the meaning of several things in the title make it embrace more than one subject. Whether in fact it does or not can be determined only by reading of the act itself, and not by that which the title expresses (People v. Lawrence, 36 Barb., 176).
The plaintiff also contends that the act is in violation of article 10 of the constitution,—which requires all the city officers whose election or appointment is not thereby provided for to be elected by the electors of said cities or of some division thereof as the legislature shall designate for such purpose. The point of the argument on the part of the plaintiff is that before the adoption of the constitution the city of Brooklyn existed as a municipal corporation: that *314 one of the officers of such city was the street commissioner; that the common council was, by the charter thereof, empowered to prescribe his powers and duties ; that they executed such power, and conferred upon the street commissioner authority to advertise for estimates and to contract for the paving, &c., of streets. And it is said that the commissioners under the act in question being thereby authorized to perform some of the functions of the street commissioners of the city of Brooklyn, are city officers, and must be elected or appointed pursuant to the section of the constitution cited. I think this position cannot be sustained. The commissioners are neither city officers nor even agents of the city (King v. City of Brooklyn, 42 Barb., 627). They .constitute no part of the organic government of the city, but are mere agents of the state, appointed by the legislature to do a specific act; and their functions cease with the performance of that act. The provision of the constitution relates only to persons who, by virtue of their office, are intrusted with the performance of permanent functions of the city government. A person intrusted with the performance of a particular duty within the territorial limits of a city, or which affects only the interests of the citizens thereof, is not necessarily a city officer. The test is whether his office constitutes a part of the government of the city as organized by the act incorporating it. These commissioners are to exercise certain powers which have heretofore been vested in the common council of the city of Brooklyn, to be administered through the street commissioner, acting under their direction and as their corporate agent. There can be no doubt of the, power of the legislature to transfer to a new board a _ portion of the administrative functions of the common council (People v. Pinckney, 32 N. Y., 306). The legislature can repeal, alter or amend the charter. Under this power they could annihilate the office of street commissoner, and create a board of public officers to perform all the functions heretofore vested in him. The act in question is clearly within the exercise of this power. The case cited by the pliaintiffs counsel, which he deems opposed to this view, *315 merely holds that a change of the name of the office, or an addition to the functions thereof, affords no warrant for a change of the constitutional mode of election or appointment.' But such cases have no application to the question under consideration. To sum up the whole matter on this head, the commissioners named in the act under consideration are not city officers within the meaning of the provision of the constitution referred to, nor are they agents created "by law to accomplish a specific public object; and if they can be deemed officers at all they are officers whose offices have been created since- the adoption of the constitution, and it was competent for the legislature to direct the mode of them appointment (People v. Draper, 15 N. Y., 532; People v. Pinckney, supra ; People v. Acton, 48 Barb., 524; Litchfield v. Macomber, Id., 299.)
The only remaining objection raised by the counsel for the plaintiff is that the commissioners have violated that provision of the act which requires the contract to be made with the lowest bidder. The act provides that said street shall be paved with stone blocks known as Belgian pavement, or with wooden blocks known as Nicolson pavement, or with other improved pavement, or part with each kind, at the option of said commissioners. Contracts for furnishing material and. performing the work provided for by this act shall be given out upon ten days’ notice, &c., to the party or parties who shall appear to do the same at the lowest price, &c., &c. In the case of Dean v. Scranton (7 Am. Law Reg., 564), the supreme court of Wisconsin decided that where a city charter required that all work should be let by contract to the lowest bidder, the city authorities could not contract at all for laying the Nicolson pavement—the right to lay it being a patent right and owned by a single firm, and the work being therefore one which could not be open to competition. This decision has been followed by this court, sitting in the first district, I in the case of Dolan v. The Mayor. Without expressing any opinion as to the correctness of these decisions, I am clearly of opinion that they do not apply to this case, for the reason that the apt under consideration expressly au *316 thorizes the use of the Nicolson pavement, and the legislature are legally presumed to have known at the time of the passage of the act, that it was a patented article and might not therefore be suject of competition. The subsequent provisions, therefore, requiring the commissioners to invite competition, must receive such a construction as will preserve and not annul the authority so conferred upon the - commissioners (Harlem Gaslight Company v. The Mayor, 33 N. Y, 309). In this view such provision cannot be deemed a restriction of the authority of the commissioners, but is merely a regulation of the mode of discharging them duty in obtaining proposals for doing that work.
The motion to dissolve the injunction must therefore be granted with ten $10 costs.