[No. 8,581. Department Two—February 28, 1885.]

## D. BIAGI, RESPONDENT, v. JOHN HOWES ET AL., APPELLANTS.

NEW TRIAL—NOTICE OF INTENTION—NOTICE OF DECISION—WAIVER.—Under section 659 of the Code of Civil Procedure, a party intending to move for a new trial, where the action was tried by the court without a jury, has a right to wait for a notice in writing of the decision from the adverse party before giving notice of his intention; and he is entitled to such notice of decision before he is called on to act, although he was present in court when the decision was rendered, and waived findings, and asked for a stay of proceedings on the judgment.

ID.—STATEMENT OF CASE—TIME FOR FILING—RECORD.—A statement of the case on motion for a new trial is not required to be filed until it has been signed by the judge with his certificate that it is allowed. When filed, and not before, it becomes a part of the record.

APPEAL from an order of the Superior Court of the city and county of San Francisco dismissing defendants' motion for a new trial.

Action to recover damages for the conversion of certain personal property. The facts are sufficiently stated in the opinion of the court.

*Henry E. Highton*, for Appellants.

The fact that the attorney for the defendants was present in the court room when the court delivered its opinion was not a notice of the decision, as contemplated by section 659 of the Code of Civil Procedure. (*Hastings* v. *Hastings*, 31 Cal. 98; *Peabody* v. *Phelps*, 9 Cal. 213; *Condee* v. *Barton*, 62 Cal. 5; *Russell* v. *Armador*, 2 Cal. 305; Code Civil Proc., §§ 632, 1010; *Borland* v. *Thornton*, 12 Cal. 448.) The time within which a party intending to move for a new trial must file and serve a notice of his intention to do so, will commence to run only from the time when he is served with a written notice of the decision. (*Polhemus* v. *Carpenter*, 42 Cal. 383; *Sawyer* v. *San Francisco*, 50 Cal. 374; *Burnett* v. *Stearns*, 33 Cal. 472; *Roussin* v. *Stewart*, 33 Cal. 210; *Carpenter* v. *Thurston*, 30 Cal. 125; *Stevens* v. *Campbell*, 13 Wis. 376; *Corwith* v. *Bank, &c.*, 18 Wis. 563; *Orton* v. *Noonan*, 32 Wis. 223; *Pearson* v. *Lovejoy*, 35 How. Pr. 195; *Staring* v. *Jones*, 13 How. Pr. 424; *Fry* v. *Bennett*, 16 How. Pr. 403; *Lake* v. *Moore*, 12 S. C. 563; *In re N. Y. &c. R. R. Co.*, 60 N. Y. 115; *Tyler* v. *Simmons*, 6 Paige, 132; *People* v. *Spalding*, 9 Paige, 607; *Rankin* v. *Pine*, 4 Abb. Pr. 310.) The attorney for the defendant could not waive his right to a written notice of the decision, except by a written agreement entered in the minutes of the court. (Code Civil Proc., § 263.)

*P. B. Nagle*, for Respondent.

THORNTON, J.—In this case the notice of intention to move for a new trial was given by the defendants in time, and their statement on such motion was filed in time. The court erred, therefore, in striking out defendant's statement, and in dismissing the motion for a new trial.

The notice of intention to move for a new trial, where the action is tried by the court without a jury, must be given to the party aggrieved within ten days after notice of the decision of the court. (C. C. P., § 659.) Notices must be in writing. (Id., § 1010.)

In this case, the cause was tried by the court without a jury, and the decision was announced by the court on the 28th of

March, 1882. No notice of the decision *eo nomine* was ever given, but notice of the rendition and entry of the judgment was given on the 5th of April following. On the 15th of the same month (April) defendants gave notice of their intention to move for a new trial, by serving the notice on the plaintiff's attorney. On the 15th day of May, 1882, a day posterior to which the time for preparing and serving their statement on this motion had been by the court extended, defendants duly served their statement. Subsequently, on the 17th of May, 1882, plaintiff's attorney served a notice of a motion for the 26th of the same month, to dismiss the motion of defendants for a new trial, and to strike out the statement, on the grounds that neither the notice of intention was given, nor the statement served, within the time required by law. On the 7th day of June, 1882, the court granted plaintiff's motion, struck out the statement, and dismissed defendants' motion for a new trial.

It appears from an affidavit of the plaintiff's attorney used on his motion, contained in the bill of exceptions, that when the decision was announced by the court, defendants' attorney was present in court, and heard it; that thereupon he (defendants' attorney) asked for and obtained an order of the court staying proceedings on the judgment for twenty days, and then and there proposed to affiant that findings be waived; which proposition was agreed to, and it was by the court ordered that findings be waived; that attorney of defendants, among other things, spoke of moving for a new trial, and in other ways expressed dissatisfaction with the decision and judgment.

We are of opinion that the true construction of the statute (§ 659, C. C. P.) is that a party intending to move has a right to wait for a notice in writing (§ 1010, C. C. P.) of the decision from the adverse party, before giving notice of intention to move for a new trial, and that he is entitled to such notice of decision before he is called on to act, although he is present in court when the decision is rendered, and waives findings, and asks for a stay of proceedings on the judgment. This is much the best rule. It is more certain and definite, prevents controversies which, under any other construction, would be likely to arise, and above all accords in our opinion with the intention of those enacting the statute. ( *Carpenter* v. *Thurston*, 30 Cal.

125; *Roussin* v. *Stewart*, 33 Cal. 210; *Sawyer* v. *San Francisco*, 50 Cal. 375.)

A similar question arose in New York on a section (332) of its code of procedure regulating appeals, by which it was provided that the appeal from the special to the general term " must be taken within *thirty days* after *written notice* of the judgment or order shall have been given to the party appealing." The court held there must be written notice of the judgment or order, in order that the thirty days shall begin to run; that it is not enough that the party have knowledge of the judgment or order; that no oral communication nor presence in court, and hearing the decision announced, or the order or judgment declared by the court, is sufficient. (*Fry* v. *Bennett*, 16 How. Pr. 402, heard and decided in the Superior Court by Bosworth, Hoffman, Slosson, Woodruff and Pierrepont, J. J.) The opinion is an able one, and its perusal is recommended. (See also *Staring* v. *James*, 13 How. Pr. 423; *Valtin* v. *National Loan Fund L. A. Society*, 19 How. Pr. 517; *Rankin* v. *Pine*, 4 Abb. Pr. 310; *Fry* v. *Bennett*, 7 Abb. Pr. 352; *Leavy* v. *Roberts*, 8 Abb. Pr. 310; *Matter of N. Y. Cent. & H. R. R. Co.*, 60 N. Y. 114–115.) In *Rankin* v. *Pine*, *supra*, it is held that in order to limit the right of appeal, service of written notice upon the party is necessary, even when the appeal is from a judgment entered by *the appellant himself*.

*Barron* v. *Deleval*, 58 Cal. 95, is upon a different section of the statute than the one involved in this case, and the ruling in this case does not necessarily overrule what was held in that case.

It is a singular fact, that the statement of defendants was struck out before it became a part of the record. The statement is not required to be filed until it has been signed by the Judge, with his certificate that is allowed. (C. C. P., § 659.) When filed, and not before, it becomes a part of the record.

The order is reversed, and the cause remanded to be proceeded with according to law,

So ordered.

SHARPSTEIN, J., and MYRICK, J. concurred.