and that he thought the defendant could look out for itself. It is also disclosed by the affidavit that V. T. Price, the secretary and one of the managing officers of the defendant, resides at Rapid City, and could have been served with process in the case. We are of the opinion that, under the facts disclosed in this case, the court below should have set aside the default, and allowed the defendant to serve and file an answer. The facts are disclosed by the record are very similar to those in the case of G. S. Congdon Hardware Company against the same defendant, in which this court reversed the order of the court below, and should be ruled by the decision in that case. Bennett v. Mining Co., 80 N. W. 1078, 12 S. D. 234. The order of the circuit court is reversed, and that court is directed to open the default, and allow the defendant to serve and file an answer upon such terms as it may deem just.

FULLER, J., dissenting.

FIRST NATIONAL BANK OF RAPID CITY V. KEENAN.

(Opinion filed November 22, 1899.)

Appeal from circuit court, Pennington county; Hon. WILLIAM GARDNER, Judge.

Action by the First National Bank of Rapid City against James Keenan. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Charles W. Brown* and *James Boyd*, for appellant.

*Fowler & Whitfield*, for respondent.

Memorandum opinion.

HANLY, J.    The issues involved in this action are the same as in Bank v. McGuire decided at the present term, 12 S. D., 226 80 N. W. 1074.    For the reasons therein stated, the judgment of the circuit court is reversed.

---

SMITH v. RUNKEL, ROWLEY & CO.

(Opinion filed November 22, 1899.)

Appeal from circuit court, Meade county.    Hon. A. J. PLOWMAN, Judge.

Action by Peter A. Smith against Runkel, Rowley & Co. From an order overruling a motion to discharge an attachment, defendant appeals.    Affirmed.

*Rice & Polley,* for appellant.

*Smith & Brown,* for respondent.

Memorandum opinion.

PER CURIAM.    The questions presented by this appeal are the same as those in Chaffee v. Runkel, Rowley & Co., 11 S. D. 333, 77 N. W. 583.    The order of the circuit court is affirmed.

---

CITY OF MITCHELL v. SMITH, City Auditor.

Act Cong. July 30, 1886, (24 Stat. 170), prohibits a municipal corporation in a territory from becoming indebted to an amount exceeding 4 per cent of the value of its taxable property, and renders obligations created in excess of such amount void, but declares that it shall not affect debts previously contracted by virtue of acts of the territorial legislature,