FIRST NATIONAL BANK OF RAPID CITY v. McCARTHY *et al.*

1. Under Comp. Laws 1887, § 5090, providing that the party intending to move for a new trial must within 20 days after notice of the decision of the court, if the action was tried without a jury, serve on the adverse party a notice of his intention; and section 5327, declaring that notices shall be in writing,—where the finding of fact, conclusions of law, and judgment were personally served on attorney for defendants on May 7th, and the receipt of a copy acknowledged, but notice of the entry of findings and judgment was not served on defendants' attorney in writing until November 12th, service by defendants on the attorney of plaintiff of their intention to move for a new trial on November 29th was in time, since the service of May 7th was insufficient, as there was no writen notice of the decision, showing the fact and time of the rendering of the decision,

2. Where, in an action by a bank to foreclose a mortgage, judgment was rendered in its favor, and the wife of the trial judge was a stockholder and director in the bank, an order granting defendant a new trial was proper, since the judge was not qualified to try the case.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Pennington county.   Hon. WILLIAM GARDNER and LEVI MCGEE, Judges.

Action by the First National Bank of Rapid City against Patrick B. McCarthy and others.   Judgment for plaintiff. From an order granting a new trial, plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Fowler, Cull & Whitfield*, for appellant.

The trial court has no jurisdiction to grant or refuse a new trial unless the notice of intention to move for a new trial has been given in the manner prescribed by the statute.   Hayne on New Trial and App. § 17;  Bear River v. Boles, 24 Cal. 354; Elliott v. Osborne, 1 Cal. 396;  Flateau v. Lubeck, 24 Cal. 364; Dennison v. Smith, 1 Cal. 437;  Caney v. Silverthornes, 9 Cal. 67; Allen v. Hill, 16 Cal. 117; Maloney v. Caperlon, 15 Cal. 314; Ellsassar v. Hunter, 26 Cal. 279;  Hodzdon v. Griffin, 56 Cal. 610; Wright v. Snowball, 45 Cal. 654;  Clark v. Crane, 57 Cal. 629; Kelly v. Larkin, 47 Cal, 58; Clark v. Gridley, 29 Cal. 108; Coveny v. Hale, 49 Cal. 552.

The trial court should have refused to settle any bill of exceptions or statement of the case, because the notice of intention to move for a new trial came too late.   Clark v. Crane, 57 Cal. 629.

The court has held that the provisions of the statute are mandatory.   Parrott v. City, 68 N. W. 329.

An order staying judgment until determination of motion to set same aside, does not extend time in which to move for a new trial. California Imp. Co. v. Barolean, 47 Pac. 1018; Dudley v. Barney, 46 Pac. 178.

The notice of motion for a new trial must be signed by an attorney of record in the case. McMahon v. Thomas, 46 Pac. 732; McKenzie v. Water Co. 6 N. D. 361.

The accident or surprise which authorizes the court to grant a new trial is such as prevents the party from having a fair trial of his case. Tilden v. Gardner, 25 Wend. 663; Ruggles v. Hall, 14 Johns. 112. Surprise arising after verdict or decision is not ground for a new trial. People v. Mack, 2 Park. (N. Y.) Cr. 673. Mere surprise at the result of a trial cannot entitle the party so surprised to a new trial. Lane v. Brown, 22 Ind. 239. A party is not entitled to a new trial on account of his having been surprised by the evidence of the opposite party. Laramore v. Williams, 30 Md. 18.

A party participating in the settlement of a bill of exception is bound by it. Walsh v. Muller, 35 Pac. 226; Coynard v. Winstein, 39 Pac. 849.

*Charles W. Brown* and *Edmund Smith,* for respondents.

The time within which a bill of exception must be served or a notice of intention to move for a new trial be given, does not begin to run until a written notice of the decision or judgment has been served. Biagi v. Hawes, 66 Cal. 470; Carpenter v. Hewell, 67 Cal. 589; Roussin v. Stewart 33 Cal. 208; Carpenter v. Thurston, 30 Cal. 123; Polhemns v. Carpenter, 42 Cal. 375; Sawyer v. San Francisco, 50 Cal. 370; Corwith v. Bank, 18 Wis. 560; Cauldren v. Caughey, 29 Wis. 317; Rosenkranz v. Kline, 42 Wis. 558; Fatt v. Fatt, 78 Wis 633; Fry v.

Bennett, 16 How. Pr. 402; Leovy v. Roberts, 8 Abb. Pr. 310; Fry v. Benn, 7 Abb. Pr. 352.

The trial court has authority to settle and allow a bill of exceptions against objection, after the expiration of the time granted therefor. §§ 4939, 5093 Comp Laws; Johnson v. Railway, 48 N. W. 227; Moe v. Railway, 50 N. W. 715; Edwards v. Baker, 2 N. D. 289; McGillicuddy v. Morris, 7 S. D. 592.

The judge has no power to certify a second bill of exception. where the first one is certified, filed and in existence. Hayne on New Tr. § 160; People v. Romew, 18 Cal. 90; Loucks v. Edmondson, 18 Cal. 204; Blair v. Curry, 46 N. E. 672, 49 N. E. 908; Fuller v. Champaign, 18 Pac. 504; Ross v. Railway, 38 S. W. 926; Griffiths v. Monlaudon, 39 Pac. 195.

The receipt of usurious interest on a note by a national bank works a forfeiture of the interest accruing after as well as before the maturity of the note, and such forfeiture and usury are not purged by settlements and renewal notes, without additional usury. § 5197, 5198 U. S. Rev. St; § 3721, 3723 Comp. Laws; Laws of 1897, P. 106; 16 Am. & Eng. Ency. Law, 178. Farmers Bank v. Hoagland, 7 Fed. 159; Guild v. First Natl. Bank, 4 S. D. 556; First Natl Bank v. Childs, 133 Miss. 248; Pickett v. Bank, 32 Ark. 346; Tuthill v. Davis, 20 Johns 285; Read v. Smith, 9 Cow. 647; Danforth v. Bank, 48 Fed. 271.

When a judge is a stockholder of a corporation, he is disqualified, by pecuniary interest to try or determine any cause to which the corporation is a party. Cooley Const. Lim. 411; Ins. Co. v. Price, 1 Hopkins, Ch. 1; Adams v. Minor, 53 Pac. 815; Williams v. Bank, 27 S. W. 147; City v. Nalle, 22 S. W. 668; Templeton v. Geddings, 12 S. W. 851; Gregory

v. Railroad, 4, O. St. 675: Railroad, v. Howard, 20 Mich, 341; Moses v. Julian, 84 Am. Dec. 114; Clark v. Lamb. 2 Allen, 396; Peorce v. Atwood, 13 Mass. 324; State v. Young, 19 L. R. A. 637; North Bloomfield, v. Keyslo, 58 Cal, 315; Freeman on Judgments, § 146; Wells Juris, Courts, § 163; Laws of 1898, p. 185.

Where a new trial is granted, the appellate court will not reverse the discretionary power exercised in granting it. Thompson v. Ulrekson, 67 N. W. 626; Hodges v. Bierlein, 4 S. D. 219; Alt. v. Railroad, 5 S. D. 20; Grant v. Grant, 60 N. W. 743; Clasgens v. Silber, 58 N. W. 756; Hicks v. Stone, 13 Minn, 434.

CORSON, J.  This is an action to foreclose a mortgage given by the defendants Patrick McCarthy and wife to secure the payment of $5,675 claimed to have been loaned Patrick McCarthy by the plaintiff.  Findings and judgment were in favor of the plaintiff, and subsequently a new trial was granted, and from the order granting a new trial the plaintiff appeals.

On May 4, 1897, the court made its findings of fact, and stated its conclusions of law thereon.  On May 7th said findings of fact, conclusions, of law, and judgment were personally served upon the attorney for the defendants, and the receipt of a copy thereof was admitted.  There is a controversy as to whether or not the party admitting such service was authorized to make such an admission in the name of the attorney of record, but, in the view we take of the case, this is not material, and we shall therefore assume that the admission of service was properly signed.  On November 12, 1897, written

notice of the entry of findings and judgment was duly served upon the attorney of the answering defendants. On November 29th the defendants served upon the attorneys for the plaintiff a notice of their intention to move for a new trial, and on December 1st following the plaintiff repudiated the service of the same, by returning it to the defendants' attorney and serving a notice in writing that the same was refused and resisted. On December 30th the defendants served upon the plaintiff's attorneys their proposed bill of exceptions herein. The appellant contends that the notice of intention to move for a new trial and the bill of exceptions were not served in time, and it insists that the defendants only had 20 days after the 7th of May in which to move for a new trial, and 30 days thereafter in which to serve and file a bill of exceptions. The respondents contend that no notice of the decision of the court was served upon them until the notice of November 12th. The question presented, therefore, is, did the service of the findings and judgment on May 7th constitute a service of the notice of the decision, within the meaning of section 5090, Comp. Laws? That section reads as follows: "The party intending to move for a new trial must within 20 days  *  *  *  after notice of the decision of the court, if the action was tried without a jury, serve upon the adverse party a notice of his intention," etc. Section 5327, under the head of "Notices and Filing and Serving of Papers," provides: "Notices shall be in writing.  *  *  *", And section 5090 provides, as we have seen, that "the party  *  *  *  must  *  *  serve upon the adverse party," etc. It is therefore clear from these sections that the notice of the decision which is to set running the time within which the notice of intention is to be served must be in writing. It is not sufficient,

therefore, to serve upon the adverse party a copy of the findings and judgment, and secure his admission of service upon the original, but a regular, formal, written notice must be given of the fact and the time of the making of the decision. The decision includes both the findings of fact and conclusions of law. Section 5067, *Id.* It is not necessary to serve with the notice a copy of the decision. The respondents, therefore, were not required to serve their notice of intention until this formal written notice was served upon them on November 12th. This seems to be the view taken of a similar section by the supreme court of California, from which state have been substantially copied the provisions of our Code upon the subject of new trials and exceptions. In Biagi v. Howes, 66 Cal. 469, 6 Pac. 100, the court says: "We are of opinion that the true construction of the statute (Section 659, Code · Civ. Proc.) is that a party intending to move has a right to wait for a notice in writing (Section 1010, *Id.*) of the decision from the adverse party, before giving notice of intention to move for a new trial, and that he is entitled to such notice before he is called on to act, although he is present in court when the decision is rendered, and waives findings, and asks for a stay of proceedings on the judgment. This is much the best rule. It is more certain and definite, prevents controversies which under any other construction would be likely to arise, and, above all, accords, in our opinion, with the intention of those enacting the statute." Carpenter v. Hewel, 67 Cal. 589, 8 Pac. 314; Polhemus v. Carpenter, 42 Cal. 375; Roussin v. Stewart, 33 Cal. 208; Carpentier v. Thurston, 30 Cal. 123; Fry v. Bennett, 16 How. Prac. 402; Leavy v. Roberts, 8 Abb. Prac. 310; Fatt v. Fatt, 78 Wis. 633, 48 N. W. 52; Rosenkrans v. Kline, 42 Wis.

558; Couldren v. Caughey, 29 Wis. 317; Corwith v. Bank, 18 Wis. 560; Sawyer v. City and County of San Francisco, 50 Cal. 370. A similar doctrine is laid down by the supreme court of the state of New York in relation to appeals, where it is provided that an appeal from the special to the general term "must be taken within 30 days after written notice of the judgment or order shall have been given to the party appealing." The court held there must be a written notice of the judgment or order before the 30 days begin to run; that it is not enough that the party have knowledge of the judgment or order; that no oral communication or presence in court and hearing the decision announced, or the order or judgment declared by the court, is sufficient, Fry v. Bennett, *supra.* The notice of intention, therefore, to move for a new trial, and the service of the bill of exceptions, were in time.

On the 16th of March, 1898, the circuit judge who tried the cause settled a bill of exceptions and attached his certificate thereto, and filed the same with the clerk; acting upon the theory that no amendments had been filed. On the same day the judge ascertained from the clerk that amendments to the bill of exceptions had been filed, and he thereupon caused to be filed an order in which he recites the fact that he had settled the bill of exceptions on the 16th, and that thereafter, upon the same day, his attention had been called to the fact that the plaintiff objected to the form and contents of the proposed bill of exceptions, and had served and left with the clerk amendments thereto, which were not presented to him at the time of the settlement; and he therefore appointed Monday, the 21st of March, 1898, as the time for hearing the arguments of counsel upon the said matter. On the 21st day of March the de-

fendants, by their counsel appeared and objected to the right or jurisdiction of the said ex-judge further to hear or consider said matter, and presented and filed lengthy affidavits giving a history of the proceedings regarding the serving and settling the said bill of exceptions. The judge on the 28th day of March settled a new bill of exceptions, and attached his certificate thereto. There was much controversy between the respective counsel as to whether or not the amendments to the bill of exceptions considered by the judge, and substantially adopted by him in his settlement of March 28th, were served in time. It seems there was an extension of time, in writing, which expired some time before the 16th of March, and it was claimed by appellant and admitted by respondents that there were some oral agreements in regard to further extensions of time. These matters seem to save been fully considered by the judge at the time of the settlement of the bill, and we are not disposed to review his decision, as no appeal has been taken therefrom. It may be proper to state that the difficulty in settling the bill of exceptions was caused by the destruction of the stenographer's notes by the burning of the court house at Rapid City soon after the trial of the case.

This brings us to the merits of the order granting a new trial. The answer of Patrick McCarthy and Maggie McCarthy set up, among other defenses, the following: ''And for a fourth defense to said complaint these defendants allege that the court has no jurisdiction of the person of the said defendants or of the subject of the action, for that the presiding judge of said court is the Honorable WILLIAM GARDNER, and that the wife of said judge, to wit, Charlotte Gardner, is a stockholder of the plaintiff and one of the directors thereof, and that the

capital stock of the said bank consists of five hundred shares, each of the par value of $100, and that the said Charlotte Gardner is the owner and holder of fifty shares of the capital stock of the said bank, each of the par value of $100. Wherefore these defendants say that the said court, as presided over by the said Honorable WILLIAM GARDNER, has no jurisdiction of the person of these defendants or of the subject of the action." The facts stated in this defense are specifically admitted by the plaintiff in its reply. This being so, no issue was raised thereon, and it was not necessary for the court to make any findings upon that issue; the rule being that the court is not required to make findings upon facts alleged and admitted in the pleadings. Anderson v. Alseth, 8 S. D. 240, 66 N. W. 320; Humpfner v. Osborne & Co., 2 S. D. 310, 50 N. W. 88; Parker v. Bank, 3 N. D. 87, 54 N. W. 313. This court held in Bank v. McGuire, 12 S. D. 226, 80 N. W. 1074, upon a similar showing, that the circuit judge was disqualified from sitting in the trial of the cause, and reversed the judgment of the court below upon that ground. The same rule was held in Bank v. Keenan. 12 S. D. 240, 80 N. W. 1135. Under the rule announced in these decisions, and the pleadings in this cause, the order of the court granting a new trial was clearly right. The order of the circuit court is affirmed.