[No. 8214.  Department Two. — October 22, 1885.]

# J. H. CARPENTER, APPELLANT, *v.* A. HEWEL, RESPONDENT.

NEW TRIAL — NOTICE OF INTENTION — TIME OF FILING — NOTICE OF DECISION — STATEMENT — APPEAL. — An appeal from an order refusing a new trial will not be dismissed on the ground that the notice of intention was not filed in time, where the record fails to show that notice of the decision was served on the appellant or his attorney, and no objection was made by the respondent in the lower court to the settlement of the statement on the motion.

PLEADING — COUNTER-CLAIM. — A counter-claim must be denominated as such in the answer in order to be effective.

ID. — EJECTMENT — USE AND OCCUPATION — RENT. — In an action of ejectment, the defendant, after denying the ownership of the plaintiff, and averring title in himself, set up a lease of the premises in controversy by himself to the plaintiff, and an indebtedness by the latter for rent accruing under the lease. *Held,* that such indebtedness could not be pleaded as a counter-claim.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Schell & Bond,* for Appellant.

The cause of action set up by the defendant did not constitute a counter-claim. (Code Civ. Proc. § 438; Pomeroy on Remedies, §§ 775, 794; *Edgerton* v. *Page,* 20 N. Y. 281; *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 638; *Brown* v. *Harter,* 18 Cal. 77; *Moyle* v. *Porter,* 51 Cal. 639; *James* v. *Canter,* 53 Cal. 31; *Brannan* v. *Paty,* 58 Cal. 331.)

*W. E. Turner,* for Respondent.

FOOTE, C. — The plaintiff Carpenter brought an action of ejectment for the possession of some land. He alleged an unlawful entry upon the same by the defendant, and his own ouster therefrom, claimed restitution of the premises, and

damages for its withholding, and for rents, issues, and profits. The defendant answered denying the allegations of the complaint.

And further answering, averred himself to be the owner of the premises and entitled to the possession thereof; alleged a contract by which the plaintiff became his tenant, and claiming thereunder rent for the use and occupation, prayed judgment for the same in the sum of $1,000.

The plaintiff on the 27th of May, 1880, moved the court to dismiss "this action without prejudice." The court refused to dismiss the action. Judgment was afterward rendered in favor of the defendant for the amount claimed. The plaintiff's motion for a new trial was overruled, and from the order made therein and the judgment he appealed.

Respondent claims the appeal should be dismissed, because notice of intention to move for a new trial was not filed in time, under section 659 of the Code of Civil Procedure.

· Twelve days had elapsed from that on which the decision in the case was made, before the filing of that notice.. But nowhere in the record does it appear that any notice of the decision in the case was ever served on the plaintiff or his attorney. And no objection was made in the court below, by the defendant, to the settlement of the statement on said motion.

The defendant pleading, averring title in himself, and the attornment of the plaintiff as his tenant, and praying for judgment of $1,000, for his use and occupation of the premises, was nowhere therein "denominated a counter-claim."

This should have been done to made it effective as such. (§ 581, Code Civ. Proc.; *Brannan* v. *Paty*, 58 Cal. 330, 334.)

But even had it been so denominated, it would not have constituted a counter-claim.

The matters alleged therein did not arise out of the transaction, and were not connected with the subject of the action, according to the construction which this and other courts have given as proper to be placed on language such as that contained in section 438 of the Code of Civil Procedure, subdivision 1. (*Moyle* v. *Porter*, 51 Cal. 639, 640; *James* v. *Center*, 53 Cal. 31; Pomeroy on Remedies, § 775; Bliss on Code Pleading, § 375, and cases cited.)

The judgment and order should be reversed, cause remanded, and the court below directed to permit the plaintiff to dismiss his action, on payment of costs and disbursements accruing up to the date of the order refusing to dismiss the same.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded, with directions to permit plaintiff to dismiss his action, on payment of costs and disbursments accruing up to the date of the order refusing to dismiss the same.