WILLIAM E. BURLOCK, AND ANOTHER, APPELLANTS, *v.* ELIZABETH SHUPE, AND ANOTHER, RESPONDENTS.

PLEADING AND PRACTICE.—NOTICE OF MOTION FOR NEW TRIAL.—
Where, after a decision rendered by the court, a party against whom the decision was made applies for time in which to give notice of his intention to move for new trial, such application is not such a waiver of the notice of decision required by section 536 of the Code of Civil Procedure, as to cause the time for giving notice of intention to move for new trial to begin to run.

ID.—LACK OF DILIGENCE IN PROSECUTING NEW TRIAL.—The question of want of diligence in prosecuting a motion for new trial is one resting in the sound discretion of the court trying the motion and in the absence of anything showing that the court did not exercise a sound discretion, the action of the trial court concerning the question of diligence will not be disturbed.

ID.—FRAUD.—A cross-complaint alleging that the real property in dispute belonged to S., deceased, that defendants were his heirs, that one defendant in the action, as administratrix of said deceased, obtained an order from the probate court for a sale of the said property; that at the sale one H. became the purchaser, subject to confirmation, that before confirmation H. became insolvent and repudiated the sale and did not pay the purchase price, that afterwards plaintiffs obtained judgment against H. and sold H.'s interest on execution; that they falsely and fraudulently represented to the probate court that H. had the equitable estate in said property, which they had bought, and that the sale should be confirmed to them; that the probate court, well knowing the

above facts, made a pretended order confirming said sale at the solicitation of plaintiffs; that on the administratrix refusing to make the deed she was removed, and another person appointed who did make the deed; *held*, that the cross-complaint charged fraud and that the rejection of proof under it was error.

APPEAL from an order of the district court of the first district granting a new trial. The opinion states the facts.

*Mr. James N. Kimball,* and *Mr. A. R. Heywood,* for appellants.

Defendant's written request for a stay of proceedings was a waiver of any possible necessity that plaintiff might be under of giving notice of the decision of the court: *Cottle* v. *Leilch,* 43 Cal., 322; *Thorn* v. *Finn,* 10 Pac. Rep., 414; *Allenspach* v. *Wagner,* 10 Pac. Rep., 805.

It was also a written acknowledgment of notice, as the request was in writing and showed by its language that defendants' attorney was fully cognizant of the decision of the court beyond all doubt: *Mullaly* v. *Irish,* 11 Pac. Rep., 217.

He certainly is foreclosed from saying that he had no notice. A written notice would only convey to him what he had already on the very day of filing decision acknowledged in writing, and its service would therefore have been a vain act: *Barron* v. *Deleval,* 58 Cal., 98; *Hayne, New Trial,* sec. 19.

The law discourages the doing of vain acts.

The defendants were also guilty of gross laches in calling up settlement of statement; it being served May 1, and settled July 29, 1886.

Plaintiffs' motion to dismiss defendants' motion for new trial should have been granted.

Statement settled and filed July 29, 1886, and our motion filed May 6, 1887. This is such laches or abandonment on part of defendant as should dismiss motion for new trial: *Eckstein* v. *Caldewood,* 27 Cal., 413, sec. 537, Code C. P.; *Boggs* v. *Clark,* 37 Cal., 237.

The court held correctly in sustaining objection to evidence under cross-complaint. It does not state any facts

that would constitute fraud. To prove fraud, facts, and not conclusions, must be stated: Bliss Code Pleading, sec. 211.

The matters therein stated were exclusively in the jurisdiction of the probate court, and if that court erred advantage could only be taken by appeal: Wells Jurisdiction, sec. 274; *Florentine* v. *Barton*, 2 Wallace, 210; Utah Laws, 1884, p. 161, sec. 37.

In any event it would be wholly incompetent to dispute the adjudications of the probate court by parol testimony. That court says that Higginbotham did have an interest in that property, and that adjudication stands to-day.

We maintain that the decision was squarely within the law: *Comstock* v. *Crawford*, 3 Wallace, 396; *Florentine* v. *Barton*, 2 Wallace, 210; *McNitt* v. *Turner*, 16 Wallace, 352; *Kelly* v. *Morrell*, 29 Fed. Rep., 736; *Fisher* v. *Bassett*, 33 Am. Dec., 239; Res Adjudicata (Wells) sec. 386.

A minor being a party does not change the law: *Re Hawley*, 100 New York, 206; *Stringfellow* v. *Cain*, 9 Otto, 610.

*Mr. Thomas Maloney*, for respondents.

The time within which the law requires respondents to give notice of their intention to move for a new trial does not begin to run till written notice of the decision is filed and served on them: *Biagi* v. *Hawes*, 66 Cal., 469; S. C., 6 Pac. Rep., 100; *Emerie* v. *Alvarado*, 64 Cal., 529; S. C., 1 West Coast Rep., 414; *People ex rel.* v. *Center*, 64 Cal., 551, 570; S. C., 5 Pac. Rep., 268; *Carpenter* v. *Thursten*, 30 Cal., 125; *Roussin* v. *Stewart*, 33 Cal., 208; *Sawyer* v. *San Francisco*, 50 Cal., 375; *State ex rel.* v. *Murphy*, (Sup. Ct. Nev.), 6 West Coast Rep., 351; S. C., 6 Pac. Rep., 340; *Eiler* v. *Frevert*, 18 Nev., 278; *Carpenter* v. *Hewel*, 67 Cal., 589; S. C., 6 West Coast Rep., 732; S. C., 8 Pac. Rep., 314.

In construing a similar statute in New York it was held: "That it is not enough that the party have knowledge of the judgment or order; that no oral communication nor

presence in court and hearing the decision announced or
the order or judgment declared by the court is sufficient:
*Fry* v. *Bennett*, 16 How. Pr., 402.

This language is approved and adopted by the supreme
court of California in *Biagi* v. *Hawes*, 66 Cal., 472. See
also the following New York authorities construing the
parent statute: *Staring* v. *James*, 13 How. Pr., 428; *Val-
tine* v. *National Loan Fund L. A. Society*, 19 How. Pr.
Rep., 517; *Rankin* v. *Pine*, 4 Abb., 310.

As above stated, an order granting a new trial upon any
ground of fact, is discretionary with the trial judge, and
his ruling will not be reversed, unless it plainly appears
that this discretion has been abused: Gears Index Dig.,
p. 640, sec. 6, and authorities cited; *Newton* v. *Brown*, 2
Utah, 129; *Cooney* v. *Furlong*, 66 Cal., 520; *Gerald* v.
*Brunswick, et al.*, 67 Cal., 520; *Pico* v. *Cohn*, 67 Cal., 258.

Proceedings in the probate court were fatally defective.
No petition for sale of land.

The petition for the sale is a jurisdictional fact and must
be shown, and all other statutory requirements must be
complied with: *Cain Heirs* v. *Young*, 1 Utah, 369; *Ethell*
v. *Nichols*, 1 Idaho, 741; *Bloom* v. *Burdick*, 1 Hill, 130; S.
C. 37 Am. Dec., 299, n.; *Stephenson Heirs* v. *McCreary*, 51
Am. Dec., 102; *Tucker* v. *Harris*, 13 Ga., 1; S. C., 58 Am.
Dec., 488; *Gelstrop* v. *Moore*, 26 Miss., 206; S. C., 59 Am.
Dec., 254; *Warten* v. *Howard*, 41 Am. Dec., 607; *Doe, ex
dem.* v. *Henderson*, 48 Am. Dec., 216 note; *Atkins* v. *Kir-
wan*, 20 Wend; S. C., 32 Am. Dec., 540, n.; *Reynolds* v.
*Wilson*, 15 Ill.; S. C., 60 Am. Dec., 753.

The cross-complaint was in all respects sufficient: *Kin-
der* v. *Macy*, 7 Cal., 206; *Crocker* v. *Higgins*, 7 Conn., 342.

The decree of the probate court as shown on its face and
by the record is erroneous and improper. "Improper de-
crees against infants may be set aside by original bill,
although not obtained by fraud or collusion:" Story's Eq.
Pl., sec. 427; Mitf. Eq. Pl., 94; 1 Dan'l. Chry. Pr., 202;
Cooper's Eq. Pl., 98; *Talbot* v. *Provine*, 7 Bax., 502-509;
*McGavoc* v. *Bell*, 3 Cold. 517.

BOREMAN, J.:

The plaintiffs (appellants) brought their action against the defendants for the possession of certain real estate, claiming ownership. The defendants filed their answer, cross-complaint, and amended cross-complaint, claiming to hold the property as the sole heirs of Brigham Shupe, deceased. Upon the case being heard, judgment was rendered for the plaintiffs. Thereafter the defendants made their motion for a new trial, which motion the plaintiffs moved the court to dismiss. The motion to dismiss was overruled, and the motion for a new trial was granted, and thereupon the plaintiffs appealed to this court from such orders.

The plaintiffs maintain that the court below had no authority to consider the defendants' motion for a new trial, alleging that it was not filed in time, and no notice or statement was filed in time. The statute says that "the party intending to move for a new trial, must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk, and serve upon the adverse party, a notice of his intention, designating," etc. Laws Utah 1884, p. 246, sec. 536. The case was tried ·by the court without a jury, and the findings and decision and judgment were made and filed on the same day, the 25th of February, 1886. No notice of the decision was given to the defendants, as contemplated by the section of the statute referred to, but the defendants' attorney, on the same day that the decision was rendered, wrote a note to the judge who tried the case, asking a stay of proceedings for 30 days, to prepare and file the motion and statement for a new trial, and the extension of time was granted. On the 26th of March, 1886, another order, dated 24th of March, 1886, was filed, giving 20 additional days from the date of the order within which to prepare, file, and serve notices, motions, and statements for a new trial and appeal. The plaintiffs contend that these applications `and orders for the stay of proceedings were a waiver of the

notice of the decision, which the statute requires to be given. We have no doubt that the giving of the notice of intention to move for a new trial was a waiver of the notice of the decision, under the authorities referred to by the plaintiffs, (*Cottle* v. *Leach*, 43 Cal., 322; *Thorn* v. *Finn*, 10 Pac. Rep., 414;) and for some purposes the law does no doubt consider mere knowledge as equivalent to notice; but this does not hold good in all cases. It does not seem that the provision of the statute that the time to give the notice of the intention begins to run from the time of the notice of the decision, and that notices must be in writing, could be held to mean that mere knowledge is notice. Where the party has knowledge, and acts in the manner pointed out in the statute as to follow the notice, there would be good reason to treat his action as a waiver of the notice, or as equivalent to the notice. But we are not prepared to say that anything short of doing something which the statute points out as to follow or be preceded by the notice, would be or could be treated as a waiver of the notice. The party must do some affirmative act pointed out in the statute as not necessary to be done until after the notice. The statute says that the notice of intention to move for a new trial need not be made until after notice of the decision, but if the party proceeds to give his notice of intention without waiting for the notice of the decision, the inference would be that he had waived the notice of decision. The asking of a stay of proceedings to prepare the notice of intention, etc., would seem not to be a waiver of the statutory right to have a written notice before he should file or serve the notice of intention. This is the view taken by the supreme court of California, of a like statute, and it seems to be the most reasonable rule to reconcile the conflicting views. *Biagi* v. *Howes*, 66 Cal., 469, 6 Pac. Rep., 100; *Carpenter* v. *Hewel*, 67 Cal., 589, 8 Pac. Rep., 314; *People* v. *Carter*, 64 Cal., 561, 5 Pac. Rep., 260. The plaintiffs (appellants) further contend that the defendants' motion for a new trial should have been dismissed, because it was not prosecuted with diligence. There was a long delay in the disposition of the motion for a new trial, but no injury appears to

have resulted. The plaintiffs had not, prior to action by the defendants, made any move to dismiss. Plaintiffs' action was taken subsequent to action by the defendants. The well-known burdened condition of the docket of the court may have had something to do with the delay in the hearing of the motion; but whether this be so or not, the question of the want of diligence is one resting in the sound discretion of the court which passed upon the motion. *Boggs* v. *Clark*, 37 Cal., 236. In the absence of anything showing that the court did not exercise a sound discretion, this court will not disturb the action of the court below, so far as it concerns the question of diligence.

It was claimed by the defendants in their application for a new trial that the court, on the trial of the case, had rejected evidence tending to show fraud as set up in the cross-complaint. The appellants contend that such rejections were not grounds for granting a new trial, but were correct rulings; that the cross-complaint made no statement of facts that would constitute fraud. The cross-complaint, as amended, alleges in substance that the property belongs to the defendants as the sole heirs of Brigham Shupe, deceased—one defendant being the wife, and the other the child, of said Brigham Shupe, deceased; that the defendant Elizabeth Shupe, as administratrix, obtained an order for the sale of the real estate in question, and at the sale S. H. Higginbotham became the purchaser at $950 cash, subject to approval by the probate court; that the probate court delayed confirming the sale; that in the mean time Higginbotham became insolvent, and notified the administratrix and the probate court that he could not pay for the land, and that he repudiated the sale; that after this time the plaintiffs sued and obtained judgment against Higginbotham, and sold on execution such interest as Higginbotham had in the property; that he falsely and fraudently represented to the probate court that Higginbotham had an equitable interest which they had bought at the sheriff's sale, and were entitled to have the sale made by the administratrix to Higginbotham confirmed to them; that they intended to mislead the probate court by

such false and fraudulent representations; that Higginbotham never paid said $950, or any part of it; that said plaintiffs never paid said sum or any part of it; that plaintiffs well knew that said Higginbotham had never paid any part of said money, and the probate court likewise knew these facts; that the probate court, at the solicitation of the plaintiffs, with these facts before it and before them, made a pretended order confirming said sale to the plaintiffs, in fraud of the rights of the heirs; that because the administratrix refused to make the deed to the plaintiffs without having received any pay therefor, she was removed from her position as administratrix, and another person appointed thereto, who did make the deed. These facts, if proven, would have shown a most bald fraud. They would have shown that the plaintiffs were endeavoring, through the forms of law, but without a shadow of right, moral or legal, to appropriate the property of others without having paid for it, and knowing that the party through whom they were claiming it had never paid for it. In passing upon the matters, the probate court had to decide that Higginbotham had such an interest in the real estate as was subject to levy and sale under execution, when that was a question for a court of more extended jurisdiction, and not one for the probate court—a court of but limited jurisdiction. The rejection of the proofs offered by the defendants, of the facts, was therefore error. The evidence should have been admitted. The motion for a new trial was properly granted."

We see no error in the action of the court below in granting the motion. The order granting it is therefore affirmed.

ZANE, C. J., and HENDERSON, J., concurred.