[L. A. No. 2478.   Department One.—June 13, 1910.]

JOHN ENGEBRETSEN, Respondent, v. JOHN H. GAY et al., Appellants.

STREET IMPROVEMENT—CONTRACT—ASSUMPTION OF DAMAGES BY CON-
TRACTOR—CHANGE OF GRADE NOT INCLUDED.—A clause limiting the
liability of the contractor for a street improvement to damage aris-
ing during the progress of the work cannot include any damage
resulting from a change in the grade of the street.

Id.—City Alone Responsible for Raising Grade—Damaging Property for Public Use.—The city alone is responsible for damage resulting from raising the grade of the street, as purporting to damage property for public use without compensation.

Id.—Action to Foreclose Lien—Counterclaim or Cross-Complaint for Damages Not Permissible.—In an action to foreclose the lien of a street assessment, the lien claimant can neither counterclaim damages arising from the piling of dirt by the contractor on the land, nor claim the same by way of cross-complaint.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellants.
Stearns & Sweet, *Amici Curiæ*, for Appellants.

Haines & Haines, for Respondent.
Ward, Wells & Ward, *Amici Curiæ*, for Respondent.

SLOSS, J.—Appeal by defendant, Gay, from a judgment foreclosing the lien of a street assessment. Two points made by appellant against the validity of the assessment were fully considered in *Gay* v. *Engebretsen*, (L. A. No. 2455), *ante*, p. 21, [109 Pac. 876], where we held that neither afforded sufficient ground for defeating the lien. An additional question is presented in this case.

The work consisted in part of the grading of India Street in the city of San Diego. The defendant, Gay, filed a cross-complaint alleging that the plaintiff, acting under the contract for the grading of said street, had raised the level thereof about twenty feet along the frontage of Gay's lot, and had piled dirt on a part of said lot, thereby destroying said defendant's use of the street for ingress to and egress from said property, and damaging him in the sum of five hundred dollars. Plaintiff's demurrer to the cross-complaint was sustained.

The defendant sets up in his cross-complaint the provision of the specifications whereby the contractor was required to agree that loss or damage arising from the nature of the work to be done under the contract during the progress of the work and before acceptance thereof, should be sustained and borne

by the said contractor. A reference to our opinion in L. A. No. 2455, *ante,* p. 21, will be a sufficient guide to our reasons for holding that this clause has no reference to the part of the damage resulting from raising the grade of the street. Liability for such damage rests upon the city by virtue of the constitutional provision prohibiting the taking or damaging of private property for public use without compensation. *Blochman v. Spreckels,* 135 Cal. 622, [67 Pac. 1061], and the cases following it, went upon the theory that this liability could not properly be imposed upon, or assumed by, the contractor under a street improvement contract. If the contractor cannot make a valid agreement to bear this liability, it would seem to follow, *a fortiori,* that he is not subject to it, where, as in this case, he has not agreed to assume the responsibility. In *Eachus* v. *Los Angeles,* 130 Cal. 492, [80 Am. St. Rep. 147, 62 Pac. 829], it is said, in discussing the liability of the city for damage caused to an abutting owner by altering the grade of a street, that "the remedy is not against the contractor unless he departs from the line of the official grade. The city in the establishment of the official grade of a public street and in excavating and grading the street to the official grade, acts through its legally elected and qualified officers. When it lets a contract for the grading of the streets, which it had the authority and power to let, it assumes the responsibility of paying all damages necessarily caused to private property by such grading." See, also, *De Baker* v. *Railway Co.,* 106 Cal. 257, 286, [46 Am. St. Rep. 237, 39 Pac. 610].)

The appellant, however, urges that, independently of the raising of the street level, he has a cause of action against the contractor for the trespass alleged to have been committed in piling dirt upon the abutting property. As to this, there is the objection that the cause of action is not a proper subject of cross-complaint in an action to foreclose the assessment. That such demand cannot be asserted by way of counterclaim has been expressly decided here. In *Himmelmann* v. *Spanagel,* 39 Cal. 389, the court said that "the assessment is the 'transaction' within the meaning of section 47 of the Practice Act, out of which the cause of action must arise, which the defendants are authorized to set up as a counterclaim. It is apparent that the alleged demand did not arise out of the assessment, nor, indeed, out of the proceedings upon which it is

based, and, therefore, is not available as a counterclaim." (See, also, *Hornung* v. *McCarthy*, 126 Cal. 17, [58 Pac. 303]; *Duncan* v. *Ramish*, 142 Cal. 693, [76 Pac. 661].)

While the case cited deals with the propriety of a counterclaim, the reasoning is such as to exclude equally a crosscomplaint. Under section 438 of the Code of Civil Procedure (which is similar to section 47 of the old Practice Act) a counterclaim may be filed on a cause of action "arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." A cross-complaint may be filed where the defendant seeks affirmative relief "relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates." (Code Civ. Proc., sec. 442.) With reference to the point under discussion there is no such difference between sections 438 and 442 as to justify the holding that a cross-complaint for the cause of action here asserted is permissible, any more than a counterclaim would be.

The demurrer was therefore properly sustained.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.