[Civ. No. 3258. First Appellate District, Division Two.—March 18, 1920.]

HENRY CASSRIEL, Respondent, v. J. M. McINTYRE, Appellant.

[1] SALES — TENDER ACCOMPANIED BY UNWARRANTED CONDITION.—Where the tender of payment by the vendee under an agreement for the purchase of certain fixtures and the merchandise in a store is accompanied by a condition that the vendor deliver possession of property not included within the terms of the sale, the tender is invalid.

[2] ID.—TENDER OF INSUFFICIENT AMOUNT.—Where the contract provides that the payment for the fixtures is to be made with and in conjunction with the balance of the purchase price of the merchandise, a tender of payment for the fixtures, not accompanied by a tender of payment for the merchandise, is insufficient.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Reversed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Alva E. Snow and W. J. Minville for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of plaintiff awarding him damages for breach of an agreement dated October 15, 1918, to sell personal property. The agreement, which was in writing, read as follows: "Received of E. A. Webb, the sum of $50.00, as first payment on the purchase price of all fixtures, furnishings, safe, show cases, stationery, merchandise and other articles in or belonging to the Coalinga Jewelry store, as owned and oper-

ated by me at 237 N. 5th Street, Coalinga, California. I agree to sell to the said E. A. Webb, or his assigns the fixtures consisting of 1 safe, 1 cash register, counter, 8 show cases, 1 Fountain pen case, 2 show windows, a small silver show case, 2 oak wall cases, 2 pine wall cases, 3 tables, scales, &c for the consideration of $1000.00 to be paid with and in conjunction with the balance of the purchase price as stated below: I agree to sell him or assigns, all the stock of merchandise, consisting of stationery, stationer's supplies, jewelry and all other stock in said business &c. at its invoice cost price, less a discount of 15% from said invoice price, upon the following terms, to wit: The above sum of $50.00 as credited on all the purchase· price herein, the receipt of which is hereby acknowledged, the further sum of $950.00 upon completion of and footing of said invoice cost and the balance of purchase price within 48 hours after delivery of bill of sale to the First National Bank of Coalinga, Coalinga, California, for said purchaser or his assigns, it being agreed that the usual and legal notice of intended sale shall have been given and that all claims against said business shall have been paid and satisfied so that no obligations shall remain against said business, the said bank being authorized to withhold sufficient of said funds to pay all presented claims, until same are satisfied. It is also agreed that said sale shall include the good will of said business as well as all right to the use and occupation of the premises at 237 N. 5th Street under lease from A. P. May.'' The sign ''&c.'' following the word ''scales'' was lined out by the parties executing the contract and initialed by them in the margin thereof at the time of its execution for the purpose of eliminating from the sale any articles other than those expressly enumerated.

On October 24, 1918, Webb assigned his interest in the agreement to Cassriel, the plaintiff in this action. Webb and an employee of defendant prepared an invoice of the stock of merchandise, which showed a cost price of $5,133.15. At the time of the taking of the invoice defendant's employee presented to Webb a supplemental invoice of fixtures and furnishings located within the store and not enumerated in the list of fixtures agreed to be sold for one thousand dollars, the value of which was $407.50. Webb refused to indorse such invoice, claiming at the time that he had purchased all the articles listed therein for one thousand

dollars under his agreement, and that if any dispute arose regarding said items between defendant and plaintiff, to whom at that time the agreement had been assigned, such dispute would have to be adjusted by them. These facts having come to the attention of defendant, he sought the plaintiff and urged him to come into the store to see just what was included in the contract of sale and invoice so that he (defendant) might retain and subsequently remove from the store the articles which he claimed were not included in the sale. Plaintiff, however, refused to enter the store for any purpose and insisted upon defendant accompanying him to the office of his attorney for the purpose of closing the deal. The parties there continued their controversy over the disputed articles and plaintiff tendered defendant payment of $950 and demanded possession of the premises, but defendant refused to accept payment or to deliver possession because plaintiff would not permit him to first remove the disputed articles from the premises. There is some evidence to the effect that at the time of this purported tender the plaintiff had sufficient money in the First National Bank of Coalinga to make full payment for the stock of merchandise and that defendant was told either by plaintiff or by Webb that this money was available, but there is no evidence that it was tendered to defendant or that any demand was made upon him for a bill of sale, or that the notice to creditors of intended sale had been made as called for by the contract. The trial court found that the plaintiff tendered to the defendant the sum of $950, but the defendant refused to accept the same, and defendant thereupon notified plaintiff that he would not carry out the terms of his contract. Judgment was rendered in favor of plaintiff in the sum of $3,079 as damages for defendant's breach.

On the trial it was urged, among other things, that the tender was insufficient. The necessity of a tender is apparent. The contract calls for the payment of the sum of $950 in conjunction with the balance of the purchase price on completion of and footing of the invoice cost of the merchandise. No other time for payment on the part of the buyer or delivery on the part of the seller is fixed in the contract. No method being specified as to the manner in which the invoice was to be completed and footed, it is fair to assume that the preparation of this invoice was to be

made by the parties to the contract and was to be approved
by them before delivery or payment was to be made.   The
trial court merely found that some time in the month of Octo-
ber, and after the 15th of that month, an inventory was taken
for the purpose of ascertaining the invoice cost price of the
merchandise and that the footing of said invoice was completed.
The evidence is that the inventory was taken by an em-
ployee of appellant and by respondent's assignor.   It is not
claimed that respondent's assignor was acting as the agent
of respondent, and it is not claimed that appellant's em-
ployee was authorized to do more than the mere clerical
work of taking the inventory.   There is no evidence that this
inventory was ever presented to or approved by either appel-
lant or respondent.   On the contrary, it is alleged in the
complaint and found true by the trial court that the "de-
fendant has at all times since the taking of said invoice re-
fused to and does now refuse to apprise plaintiff thereof, or
the footings thereof."   It is uncontradicted that appellant's
employee insisted that the disputed articles should be in-
cluded within this invoice and that Webb refused to do so
and claimed that all the disputed articles were included
in the purchase of fixtures for the consideration of one
thousand dollars.   It was on account of this dispute that
appellant insisted upon the respondent coming to his store
to check up the invoice so that he might see what he was
getting.   This respondent refused to do.   Whether the dis-
puted articles should have been included in the invoice, as
claimed by appellant's employee, or whether they were in-
cluded in the sale of fixtures, as claimed by Webb, is imma-
terial.   The evidence fails to show that the invoice had
been agreed to by the parties, and there is no conflict in the
evidence that appellant's refusal to make delivery was
conditional upon the adjustment of the dispute as to these
articles.

Appellant argues that inasmuch as upon uncontradicted
evidence the tender of $950 was accompanied by a demand
of either immediate possession or of the key to the premises
for the purpose of acquiring immediate possession (which
also included possession of the disputed articles), and that
inasmuch as respondent was not entitled to possession until
the full purchase price was paid, the tender was defective,
both because it was accompanied by a condition which re-

spondent had no right to exact and because it was insufficient in amount.

[1] Respondent now disclaims any interest in the articles valued at something over four hundred dollars, but the evidence is without conflict that there was some dispute as to the ownership of these articles immediately prior to the time that the purported tender was made. The agreement expressly provided that the sale should include the right to the use and occupation of the premises where the personal property was located. But that appellant was not obliged to deliver to respondent possession of property which was not included within the terms of the sale cannot be questioned. His demand that he· be permitted to remove these articles before possession of the store was given to respondent was reasonable. But respondent refused this request and demanded possession of the premises and all the property upon tender of payment for a portion of the fixtures alone. When a tender of payment is made accompanied by a condition which the tenderer has no right to make, the tender is invalid.

[2] Furthermore, the purported tender was insufficient in amount. The contract specifically provided that payment for the fixtures was to be made with and in conjunction with the balance of the purchase price of the merchandise. Concededly no tender of the purchase price of the merchandise was ever made or attempted. Respondent was not entitled to possession of the premises nor of the property to be purchased until full payment had been made, the contract not having provided for an earlier transfer of possession. The purported tender of the $950 was apparently made under advice of counsel to protect the legal rights of respondent. But a tender which is short of something which the creditor is entitled to receive is insufficient, and nothing short of an unconditional tender of the purchase price in addition to the sum of $950 would constitute a valid tender under the circumstances.

For these reasons the judgment is reversed.

Brittain, J., and Langdon, P. J., concurred.