[L. A. No. 8514. In Bank.—January 7, 1927.]

MINNIE D. BANDY, Appellant, v. MYRON WESTOVER et al., Respondents.

[1] CONTRACTS—EXCHANGE OF REAL PROPERTY—CONSTRUCTION OF INSTRUMENT—OFFER.—Where an owner of real property, desiring to exchange it for that of another, executes a writing by which she agrees to execute and deliver in trust a deed of her property to the other party to be held by the trustee, until such time as the other party, who is traveling in a foreign country, can be communicated with and a deed of his property made to the former, which instrument is executed by one signing as agent for the absent party, the writing does not constitute an agreement of sale and purchase between the parties, but a mere offer to exchange properties, which offer can be revoked at any time prior to acceptance, as the contract lacks consideration in that the second party gives no enforceable or any other promise to the first party.

[2] ID. — ATTEMPTED WITHDRAWAL OF OFFER — NOTICE. — In such a transaction, notice by the first party that she will not make the exchange and that the transaction be canceled, given to parties whom the court finds to be agents of said first party, is ineffective in transmitting notice to the second party, his agent, or to the escrow party.

[3] ID.—ACCEPTANCE OF OFFER.—In such a case, where the second party accepts the offer in accordance with its terms before its with-

1. See 6 Cal. Jur. 51; 6 R. C. L. 603.
3. See 6 Cal. Jur. 54; 6 R. C. L. 605.

drawal, the contract becomes binding upon the parties and authorizes the escrow-holder to deliver the respective deeds to the grantees named therein.

[4] ID.—DELIVERY OF PAPERS IN ESCROW—DELAY—WAIVER.—In such a case, the claim that because the deed and contract of the first party were not actually delivered to the escrow bank named in the contract prior to the date of a letter of withdrawal written by the first party to her agents, the letter should be held effective against the other party to the exchange, because the party holding the papers became the agent of the first party to effect the escrow delivery, cannot be sustained, where it is found that when the deed and offer were executed they were delivered to the agent of the second party, who receipted for them as held in escrow, and later said agent, on the request of the first party, while still retaining the papers, indorsed on the original offer certain matters, and other transactions occurred during said time between the first party and said agent, as under the circumstances the objection to the delay in delivering the escrow to the bank was waived.

[5] ID. — ACTION FOR CANCELLATION OF DEED — FAILURE TO MAKE RESTORATION.—In such a case, there is no justification for a judgment in favor of the first party canceling the deed executed by her, while she continues to hold title to the property of the other party.

[6] ID.—REVOCATION OF OFFER—DELAY IN ACCEPTANCE.—The claim in such a case that the offer was revoked by the unreasonable lapse of time between the making and acceptance of it is without merit, where the offer recognized that the party to whom it was made was in a foreign land and would not return for some months. Reasonable time is a relative term depending upon the terms of ·the offer and .other circumstances.

[7] ID.—ISSUES—PLEADING—FINDINGS.—Where no issue was made in the complaint in such case as to the claim of unreasonable delay in accepting the offer, no occasion existed for a special finding thereon.

[8] ID.—COUNTERCLAIMS—CONSTRUCTION OF SECTIONS 438, 439, CODE OF CIVIL PROCEDURE.—The provisions of section 439 of the Code of Civil Procedure to the effect that if defendant omits to set up a counterclaim arising out of the transactions set forth in the complaint as the foundation of plaintiff's claim neither he nor his assignee can afterward maintain an action against the plaintiff therefor, make it important that section 438 of the Code of Civil Procedure be not extended to any case which does not fairly come within its provisions.

5.  See 4 Cal. Jur. 764.
6.  See 6 Cal. Jur. 55.
7.  See 24 Cal. Jur. 950.

[9] ID. — ACTION TO CANCEL DEED AND ESTABLISH TITLE — IMPROPER COUNTERCLAIM.—In a suit in equity for the cancellation of a deed to real property, and in effect to establish title thereto, counterclaims for a money judgment on account of sums expended by defendant in connection with the operation of another piece of property are improper, although they remotely arise from the same transaction, but not from the same "foundation" that plaintiff's claim rests upon, and where they would not, if established, qualify or defeat the judgment to which plaintiff would otherwise be entitled.

[10] ID.—INSUFFICIENCY OF PLEADING.—Even if the allegations of the alleged counterclaims, in such a case, be considered as a cross-complaint, the pleading could not be sustained, where it wholly fails, standing alone, to state facts sufficient to constitute an independent cause of action.

[11] ID.—FAILURE TO DEMUR OR MOVE TO STRIKE OUT.—The failure of a plaintiff to demur or move to strike out or otherwise plead to counterclaims of defendant does not preclude her from making the contention that the same are unauthorized under the system of pleading in this state.

---

(1) 4 C. J., p. 535, n. 8; 23 C. J., p. 187, n. 51, p. 188, n. 61. (2) 23 C. J., p. 188, n. 52 New. (3) 23 C. J., p. 187, n. 48. (4) 23 C. J., p. 218, n. 10. (5) 9 C. J., p. 1207, n. 32; 23 C. J., p. 215, n. 70. (6) 23 C. J., p. 188, n. 53 New; 33 Cyc., p. 1567, n. 43. (7) 38 Cyc., p. 1969, n. 1. (8) 34 Cyc., p. 686, n. 58. (9) 34 Cyc., p. 666, n. 60 New, p. 682, n. 54. (10) 31 Cyc., p. 227, n. 85. (11) 3 C. J., p. 713, n. 97.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

E. Marion C. Crawford for Appellant.

Myron Westover and M. M. Meyers for Respondents.

PRESTON, J.—This is an appeal by plaintiff from a judgment in favor of defendants, and also from a judgment in favor of defendant Westover upon an original and also upon an amended and supplemental counterclaim. Neither the

---

11.  See 23 Cal. Jur. 282.

testimony taken in the court below nor on the motion for a new trial is before us.

Plaintiff brought this action against the defendants, Myron Westover, W. H. Houghton, Frank H. Purcell, and Walter Bicknell, for cancellation of a deed executed by her to defendant Westover covering a section of land in Kimball County, Nebraska, in exchange for a twenty-acre orange grove tract, belonging to defendant Westover, situated in Los Angeles County, upon the ground that said deed was not knowingly or intentionally executed and also upon the ground that said deed and the paper writing executed at the same time constituted nothing more than an offer to exchange properties, which offer was revoked and withdrawn; also upon the ground that said deed was induced by fraudulent misrepresentations made to plaintiff by defendants Purcell and Bicknell.

Defendants Purcell and Bicknell answered, denying all the allegations of the complaint. Defendants Westover and Houghton answered separately, alleging that they had no knowledge of the transaction and adopting on information and belief the answer of their codefendants Purcell and Bicknell. Defendant Westover also filed a counterclaim in the sum of $713.23, which was later reduced to $684.13, alleged to be due him on account of escrow charges, revenue stamps on plaintiff's deed, recording deed to her, abstract of title to the Nebraska land, and also charges for labor, water, interest, and insurance accruing after June 1, 1923, in connection with the Westover tract; and said defendant Westover later filed an amended and supplemental counterclaim in the sum of $655.61, additional items of interest, labor, fuel, and supplies in connection with the operation of said orange grove tract of land.

The trial court made findings in favor of defendants and also in favor of defendant Westover on both of his counterclaims and later gave judgment for all defendants and also judgment in favor of defendant Westover on the first counterclaim and reserved future action upon the amended and supplemental counterclaim.

The court found specifically that the defendants Purcell and Bicknell were the agents of plaintiff in the transaction and not the agents of the defendant Westover; also that

the defendant Houghton was a real estate broker representing the defendant Westover only as such agent.

The court also found specifically against the plaintiff as to each and every of her claims of fraudulent misrepresentation; also as to her alleged ignorance of the execution of the deed and the intention to deliver the same, and also as to her claim that she thought the paper executed by her was to be merely evidence of good faith and that the same was to be canceled at her option.

We are thus concluded by these findings as to all these allegations of the complaint. The only question of law presented on this branch of the case by the pleadings and findings is the nature and legal effect of the transaction between the plaintiff and the defendant Westover, when viewed in the light of the acts and conduct of the parties.

[1] Plaintiff contends that the paper writing signed by her and made "Exhibit A" to the complaint in connection with the deed executed by her as a part of the same transaction amounts to nothing more than a revocable offer to exchange her Nebraska property for California property of Westover, which said offer was, prior to acceptance thereof by said defendant, withdrawn and revoked by her. The material portion of said instrument in writing is as follows:

"The said party of the first part desiring to make an exchange of the property first above described, clear of all incumbrances, for the equity in the property second above described and understanding that the owner of the said described property is in Europe on an extended tour, and difficult to communicate with, and whereas the agent W. H. Houghton, for the party of the second part, has endeavored by cablegram to reach the said party of the second part, and whereas the party of the first part waiving all responsibility and liability of the agent in and to this agreement, and desiring to take possession of the property of the party of the second part as above described and not wishing to deliver possession of the property first above described until October 1st, 1923.

"Agrees, to execute and deliver in trust, with the Trust Dep. of the Bank of Italy, in the city of Los Angeles, California, a warranty deed conveying the property of the first above described to Myron Westover, same to be held in trust by them for the benefit of the said Myron Westover until

such time as the said Myron Westover and wife can be communicated with and a deed covering the property second above described, be obtained from them to the party of the first part, and that in the meantime the party of the first part shall procure a certificate of title to the lands first above described, showing the property free and clear, and deposit same with said trust, in the Bank of Italy, said papers and deeds are to be delivered when received by the said trust department of the Bank of Italy to the respective parties hereto to complete this exchange and

"Whereas there is certain personal property connected with the property of the party of the second part, which is included in the exchange, and it is agreed that all personal property on the said property of the party of the second part is included, and

"Whereas this agreement having been read and fully understood, the party of the first part agrees to make the above exchange as above stated, by executing and delivering a warranty deed conveying the property first above described, to Myron Westover subject only to possession, which will be October 1st, 1923, and

"Whereas the said Myron Westover when communicated with will be asked to execute and deliver to the party of the first part a full covenant grant deed conveying the property second above described, subject to the right of way, restrictions, and reservations contained in former deeds, and deliver the property to the first party subject to the two above mentioned mortgages.

"This agreement shall bind the heirs, executors, and assigns of the respective parties hereto.

"In witness whereof the party of the first part has hereunto set her hand and seal this 25th day of May, 1923.

"(Signed), MINNIE D. YOUNG BOYLE.

"Witness:

. . . . . . . . . . . . . . . . . .·¦

"(Notarial Seal)

"The above agreement is hereby accepted for Myron Westover by

"(Signed)    W. H. HOUGHTON, Agent."

We are in accord with the plaintiff that this writing did not constitute an agreement of sale and purchase between the parties, but, on the contrary, constituted merely an offer

by the plaintiff to exchange her Nebraska property for California property of Westover, which offer she was at liberty to revoke at any time prior to acceptance thereof by the defendant Westover in the manner provided in the offer. The rule of law in this behalf is well settled. Such a contract is lacking in consideration in that Westover gave no enforceable or any other promise to plaintiff. (Civ. Code, sec. 1586; *Roth* v. *Moeller*, 185 Cal. 415, 419 [197 Pac. 62]; *Hamlin* v. *Barnhart*, 26 Cal. App. 632 [147 Pac. 1188]; 6 Cal. Jur. 51, sec. 29.)

[2] But the controlling consideration is, Did the plaintiff, prior to acceptance of the offer by the defendant Westover, withdraw or revoke the same? The findings of the court in this behalf are:

"On or about June 13, 1923, plaintiff telephoned to said defendants Purcell and Bicknell that she would not make said exchange and demanded that said transaction be cancelled, to which said demand defendants Purcell and Bicknell replied by letter dated June 13, 1923, addressed to plaintiff, saying, in regard to her telephone message that she 'did not want the deal to go thru,' that she had investigated the matter before signing said agreement and that they were not in a position to countermand any transaction. And the court finds that on or about June 14, 1923, plaintiff knew that said defendants Purcell and Bicknell considered said agreement and transaction as binding upon her."

The finding also, as noted above, was that Purcell and Bicknell were merely the agents of plaintiff and were not found to be the agents of either the defendant Westover or the defendant Houghton. It is too clear for controversy that any notice given by the plaintiff to the defendants Purcell and Bicknell alone would be of no effect in transmitting notice to the defendant Westover, the defendant Houghton, or to the escrow party in the transaction.

[3] Indeed, it appears that the defendants Purcell and Bicknell notified plaintiff that they considered the offer binding upon her and that, as far as the record shows, she acquiesced in their conclusion. At any rate the offer of plaintiff remained unrevoked until after the defendant Westover returned from Europe about September 15, 1923, and until long after September 22, 1923, upon which latter date he accepted the offer of exchange made by plaintiff by

delivering to the escrow party, pursuant to the offer, a conveyance to the Los Angeles county real and personal property. No contention is made that he did not fully comply on said date with the terms of the offer as made by plaintiff. There is no escape from the conclusion that the acceptance by Westover in the manner stated made the contract in all respects binding upon both parties and authorized the escrow party to deliver the respective deeds to the respective grantees named therein. The rule of law in this case is clear and without conflict. (*Russ* v. *Tuttle,* 158 Cal. 226 [110 Pac. 813]; *Smith* v. *Baughman,* 156 Cal. 359 [28 L. R. A. (N. S.) 522, 104 Pac. 689]; 6 Cal. Jur., p. 54, sec. 30.)

[4] We are unable to sustain plaintiff in the claim that because the deed and contract were not actually delivered to the escrow bank prior to June 13th, the said letter of withdrawal on that date to her agents should be held effective against the defendant Westover because the defendant Houghton became the agent of plaintiff to effect the escrow delivery.

The facts found show that when deed and offer were executed on May 25th they were at that time delivered to Houghton, who receipted for them as held in escrow. He later, in June, on the request of plaintiff, while still retaining the papers, indorsed on the original offer a confirmation of the personal property to be conveyed as well as a statement regarding taxes for the years 1922 and 1923. Also, on June 1st, Houghton wrote a letter to plaintiff's agents tendering possession of the orange grove. Indeed, on July 9th, plaintiff was sued by the defendants Purcell and Bicknell for commissions as brokers in the transaction, they claiming the offer was binding upon her. In September, the exact date is not stated, the documents were delivered to the Bank of Italy as the escrow party.

Under these circumstances plaintiff must be held to have waived any objections she might have had to the failure of Houghton to make immediate delivery to the escrow party. Common prudence would have required plaintiff to make known to all the interested parties her election to withdraw from the offer. Plaintiff's position is further weakened by the failure to effect or attempt to effect a rescission of the transaction by offering to restore to Westover the property he deeded to her. (Civ. Code, sec. 1691.)

[5] If she were to prevail in this action the effect would be to restore her own former property to her while at the same time holding title to the property of Westover. No justification of her claim to a judgment that would have this effect can be found in the findings of the court.

[6] The claim that the offer was revoked by the unreasonable lapse of time between May 25th and September 22d is without merit as the offer recognized the fact that Westover was in Europe and would not return for some months. Reasonable time is a relative term depending upon the terms of the offer and other circumstances. (*Simons Brick Co.* v. *Wiglesworth,* 184 Cal. 390, 392 [19 A. L. R. 1029, 193 Pac. 947]; 6 Cal. Jur., p. 55, sec. 31.)

[7] The plaintiff made no issue in her complaint as to the claims of unreasonable delay and no occasion existed for a special finding thereon by the court.

The conclusion above announced renders unnecessary the consideration of any of the other points urged either by the plaintiff in support of her appeal or the defendants in answer thereto.

The only other matter left for consideration is the attack by plaintiff upon the counterclaims pleaded by the defendant Westover and upon which the court gave judgment as prayed for on the one and reserved judgment on the other.

It is manifest that the allowance of either of these claims of defendant Westover as proper counterclaims is erroneous. The counterclaims are controlled by sections 438 and 439 of the Code of Civil Procedure. Section 438 provides that the counterclaim "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of . . . the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Section 439 provides that "if the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

[8] The provisions of section 439 of the Code of Civil Procedure to the effect that if defendant omits to set up a counterclaim arising out of the transactions set forth in the

complaint as the foundation of plaintiff's claim neither he nor his assignee can afterward maintain an action against the plaintiff therefor make it important that section 438 of the Code of Civil Procedure be not extended to any case which does not fairly come within its provisions.

[9] In the case at bar plaintiff is suing upon the equity side of the court for the cancellation of a deed to real property and in effect to establish title thereto. Defendant, in his counterclaims, however, is claiming a money judgment against plaintiff on account of sums expended by him in connection with the operation of another piece of property. It is true in a remote sense that the claims arise from the same transaction, but by no means do they arise from the same "foundation" that plaintiff's claim rests upon.

Indeed, the judgment as rendered in this case by the court makes it plain also that a several judgment was not and could not be entered. The judgment has two lines of adjudication within it, one confirming the land transaction and the other a judgment for money due on a contract. Another element of the rule regarding counterclaims is that the matters set up as such counterclaims must be claims which, if established, would in some way "qualify or defeat the judgment to which plaintiff is otherwise entitled."

The counterclaims in suit likewise fail to conform to this requirement. The rule of law in this connection is well settled in this state. See *Meyer* v. *Quiggle,* 140 Cal. 495, 499 [74 Pac. 41] , *Ward* v. *Goetting,* 44 Cal. App. 435, 438 [186 Pac. 640] , and *Hayward* v. *Black,* 46 Cal. App. 504, 506 [189 Pac. 460], where the question is fully discussed.

*Bannerot* v. *McClure,* 39 Colo. 472 [12 L. R. A. (N. S.) 126, 90 Pac. 70], is to the same effect.

[10] Even if the allegations were to be considered as those of a cross-complaint, still the pleading could not be sustained, as it wholly fails, standing alone, to state facts sufficient to constitute an independent cause of action. (Code Civ. Proc., sec. 442; *Imperial Water Co. No. 4* v. *Meserve,* 62 Cal. App. 593, 598 [217 Pac. 548].)

[11] The failure of plaintiff to demur or move to strike out or otherwise plead to the counterclaims of defendant does not preclude her from making the contention that the same are unauthorized under our system of pleading. (*MacDougall* v. *Maguire,* 35 Cal. 274 [95 Am. Dec. 98].)

The above conclusion renders unnecessary the consideration by the court of the contention of plaintiff that the counterclaims as pleadings fail to state the proper averments of a cause of action.

Judgment for defendant is, therefore, affirmed and judgment in favor of defendant Westover upon his counterclaims is reversed.

Shenk, J., Seawell, J., Richards, J., Curtis, J., Waste, C. J., and Langdon, J., concurred.