[Civ. No. 926. Fourth Appellate District.—December 12, 1932.]

H. E. CALLAWAY, as Administrator, etc., Respondent, v. C. J. NOVOTNY, Appellant.

C. J. Novotny, *in pro. per.*

Liggett & Liggett for Respondent.

JENNINGS, J.—Plaintiff instituted five separate actions to foreclose five different mortgages on real property executed by defendant to secure payment of a like number of promissory notes each of which was for the principal sum of $2,250. On plaintiff's motion the five suits were consolidated for trial purposes and at the conclusion of the trial a single decree was rendered ordering the sale of the various parcels for the purpose of satisfying the indebtedness found to be due from defendant to plaintiff on the aforesaid notes. On this appeal from the judgment thus rendered, defendant presents three contentions which will herein receive consideration.

Appellant's first contention is that the court's finding that each of the notes had become due by reason of nonpayment of interest was not supported by the evidence produced at the trial and that the court's conclusion of law that, at the time the actions were commenced, appellant was in default by reason of his failure to pay the last installment of interest was therefore erroneous. The record shows that each note provided for quarterly payment of interest and further provided that, if the interest were not paid when due, the whole sum of principal and interest should become immediately due and payable at the option of the holder. The notes were left by respondent for collection at a certain bank in the city of San Diego and prior to April 22, 1928, payment of various interest installments had been made quarterly by appellant at said bank. On April 22, 1928, quarterly interest on the notes amounting to the sum of $196.87 became due. On April 21st, appellant drew his check for said sum payable to respondent and caused it to be taken to the collecting bank for the purpose of paying the interest which would become due on the following day. The bank declined to accept the check. Two days later another check for a like amount drawn to the order of respondent was offered to the bank and acceptance was again refused. Each of said checks bore the following indorsement: "Interest in full to Apr. 22, 1928, on all notes and mortgages." The evidence shows that the appearance of this indorsement was one of the reasons stated by the officers of the bank for refusing to accept the checks. This reason alone was amply sufficient.

168

For all that appeared any number of notes and mortgages executed by appellant in respondent's favor, in addition to the five in the bank's possession, may have been in existence and interest due thereon. As a matter of fact, the testimony of appellant showed that there was a sixth note with its accompanying mortgage and that procedure to foreclose this sixth mortgage had been instituted. The bank would not have been justified in accepting a check bearing so broad an indorsement. The presence of the indorsement amounted to the imposition of a condition which the debtor had no right to demand. (*Cassriel* v. *McIntyre,* 46 Cal. App. 644 [189 Pac. 801]; Civ. Code, sec. 1494.)

Appellant's second contention is that the court erred in refusing to receive certain evidence in support of his counterclaims and cross-complaints. In his answer filed in each of the five actions, appellant alleged an affirmative defense in the following language:

"Further answering said complaint and by way of cross-complaint and counterclaim he alleges on information and belief that the plaintiff at the time of the execution of said note falsely, fraudulently, and with intent to deceive defendant, misrepresented the amount for which said note should have been made and falsely deceived defendant and induced him to execute said note for an amount greater than it should have been; that plaintiff ever since the giving of said mortgage has attempted to cheat and defraud defendant out of the property described in said mortgage and is now trying to do so; that plaintiff has by threats and false representations induced and compelled defendant's tenants to vacate defendant's properties covered by mortgages held by plaintiff; that plaintiff knowing that defendant was ill and compelled to go to a sanitarium, attempted to illegally and fraudulently cheat and defraud defendant out of his said properties while defendant was unable to attend to business and commenced this action to foreclose said mortgage without any right to do so, all to the damage of this defendant in the sum of $10,000.00." The evidence which was offered by appellant in support of his counterclaim consisted of the testimony of three witnesses who were former tenants of appellant in three of the houses owned by appellant which were mortgaged by him to re-

spondent. Appellant offered to prove by this testimony that each of these tenants had been called upon by respondent on a number of occasions; that respondent had abused appellant and had stated that appellant did not own the property but that it was respondent's property and that if the tenants desired to remain they must pay the rent to respondent; that this conduct on the respondent's part caused much annoyance to the tenants and as a result of such conduct and of respondent's institution of the foreclosure suits these tenants left the premises which they had formerly occupied. To the offer thus made respondent objected. The objection was properly sustained. The so-called counterclaim or cross-complaint was wholly insufficient to raise a defense. Practically every allegation contained in it is a statement purely of legal conclusion unsupported by any averment of fact. It was clearly demurrable but respondent was not required so to attack it. He was entitled to rest until appellant should attempt to introduce evidence in its support and then to object to the reception of the evidence. (*Metropolis etc. Sav. Bank* v. *Monnier*, 169 Cal. 592 [147 Pac. 265]; *Bandy* v. *Westover*, 200 Cal. 222 [252 Pac. 593].) In arriving at this conclusion we have given no consideration to the question of whether in an action to foreclose a mortgage, a counterclaim or cross-complaint of the character here attempted to be pleaded may properly be filed.

Appellant's final contention is that the court erred in denying his motion to strike from respondent's cost bill an item of $25.50 for the service of process on himself and a number of other defendants in the various suits. Appellant's motion was supported by his own affidavit alone. This affidavit alleged that appellant was the only defendant in the actions who presented a defense thereto and the only proper or necessary defendant therein and the only defendant who did not default or disclaim; that the defendants who defaulted had no right, title, interest or claim in the mortgaged premises; that appellant voluntarily appeared in all of said actions and demanded that copies of all papers be given to his attorney. It is at once evident that the affidavit is insufficient. The allegation that the defendants other than appellant who were served with process and defaulted were not necessary or proper

parties is an allegation of a purely legal conclusion. With reference to disclaiming defendants, examination of the record shows that certain defendants in one of the actions were served with process and joined with appellant in filing an answer therein and that after the actions had proceeded to trial these defendants filed disclaimers. The filing of such disclaimers after the trial had commenced did not show that these defendants were not proper parties and the allegation of the affidavit that appellant was the only necessary or proper defendant in the actions is the statement of a purely legal conclusion. The fact alleged in the affidavit that appellant had voluntarily appeared in the actions and had demanded that copies of all papers be given to his attorney indicates that service of process upon appellant was in fact demanded by him. It is apparent that there was no abuse of discretion by the trial court in its determination of the various items allowed for costs. (*Puppo* v. *Larosa*, 194 Cal. 721 [230 Pac. 440] ; *Murphy* v. *F. D. Cornell Co.*, 110 Cal. App. 452 [294 Pac. 490].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1933.